Town of Madison and another, Appellants, vs. City of Madison, Respondent.

*April 4—May 3, 1955.*

610

For the appellants there was a brief by *Risser & Risser* of Madison, and oral argument by *Frederic E. Risser* and *Fred A. Risser*.

For the respondent there was a brief and oral argument by *Harold E. Hanson,* city attorney.

A brief was filed by *Thomas, Orr, Isaksen & Werner, Leon E. Isaksen,* and *Trayton L. Lathrop,* all of Madison, as *amici curiae.*

·STEINLE, J.   There is no bill of exceptions in this case, and hence we can consider only whether the pleadings and findings sustain the judgment. *Fidelity & Deposit Co. v. Madison* (1930), 202 Wis. 271, 232 N. W. 525.

The court determined that there had been compliance with annexation procedure as required in sec. 62.07 (1) (a),

Stats., in regard to petition and posting of notices. There is no challenge here as to such finding.

The court found that the annexation ordinance was introduced at a regular meeting of the common council of the city of Madison on January 14, 1954. The ordinance was published for four successive weeks, the last publication having been made on February 5, 1954. A notice was included in the publication of the ordinance which read:

"Legal Notice

"Notice is hereby given, that the following ordinance was introduced at the regular meeting of the common council of the city of Madison on Thursday, January 14, 1954, at 7:30 p. m., and will be acted on by such common council at its next regular meeting following publication hereof as required by law."

The ordinance was adopted at a regular meeting of the common council on March 11, 1954. Previous thereto, regular meetings of the council were held on February 11th and February 25th. Each meeting of the common council was concluded with an adjournment. The ordinance had been referred to the city plan commission on January 14, 1954. That body investigated the matter and made its report and recommendation favoring the adoption of the ordinance on March 11, 1954. A tract of land, 100 by approximately 250 feet on Lake Monona, owned and used as a park by the town of Blooming Grove was included in the annexed area. The respective town boards adopted resolutions directing the institution of legal proceedings on behalf of the towns, but no action in such regard was taken at any town meeting of the towns involved.

Amongst its conclusions of law, the court determined that it had acquired jurisdiction over the action and the parties; that the statement accompanying the publication of the ordinance, ". . . will be acted on by said common council at its

next regular meeting following publication hereof" was surplusage, and was not misleading; that the publication of the ordinance is directed to and is the concern only of the inhabitants of the city, and that the towns have no legal right to challenge the validity thereof; that the inclusion of the land used as a park does not invalidate the annexation proceeding; that the annexation was in all respects valid.

Appellants base the appeal upon three grounds: (1) That the court erred in holding that the towns had no legal right to challenge the validity of the published notice, (2) that the ordinance is void for improper notice because the city integrated within the statutory publication vital information which was not accurate, and (3) that the city does not have the power to enact a valid ordinance annexing land owned by the town.

*Amici curiae* contend that there is no justiciable controversy in this action over which the court has jurisdiction, and that this court is duty bound to raise the jurisdictional question, even though the same has not been raised by the parties. It is their position that the plaintiff towns have no interest in the cause of action and hence are not proper parties. They challenge the validity of sec. 66.029, Stats.

The respondent city takes the position that a town board may not bring or authorize the bringing of an action to test the validity of an annexation ordinance adopted by a city in the absence of a vote of the electors of such town taken at a town meeting. The city maintains that since the complaint does not show that the institution of the action was authorized at a town meeting, a cause of action is not stated.

Sec. 66.029, Stats., provides:

"In proceedings whereby territory is attached to or detached from any town, *the town is an interested party,* and the town board may institute, maintain, or defend an action brought *to test the validity of such proceedings,* and may be interpleaded in any such action." (Italics supplied.)

This statute was enacted in 1933 and has been in effect continuously since that time. It appears that its validity has not heretofore been challenged in any case presented in this court.

Previous to the enactment of sec. 66.029, Stats., this court held that neither a town nor its citizens, other than those residing in or owning property within the limits of the territory to be annexed, had any interest in the alteration of the town's boundaries. *In re Mosinee* (1922), 177 Wis. 74, 187 N. W. 688; *In re Village of Chenequa* (1928), 197 Wis. 163, 221 N. W. 856; *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 221 N. W. 860.

In sec. 66.029, Stats., the legislature declares that a town is an interested party. *Amici curiae* argue that the attempt on the part of the legislature to legislate "interest" is clearly of no effect.

The language of the statute is plain and unambiguous. The cardinal principle of statutory construction is to save and not to destroy. As said in 82 C. J. S., Statutes, p. 794, sec. 362, "All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; . . . they are therefore to be construed in connection with and in harmony with the existing law, and as part of a general and uniform system of jurisprudence, that is, they are to be construed with reference to the whole system of law of which they form a part. So the meaning and effect of statutes are to be determined in connection, not only with the common law, . . . and the constitution, but also with reference to other statutes, . . . and the *decisions of the courts."* The question is whether the provision in sec. 66.029, Stats., declaring that the town is an interested party in annexation or consolidation proceedings and authorizing it to test the validity of such proceedings, is completely out of harmony with the holding by this court that a town has no interest in the alteration of its boundaries. We are of the opinion that

the statutory provision is not contrary to the principle heretofore laid down by this court that a town has no interest in the alteration of its boundaries.

A municipal corporation has no power to extend its boundaries otherwise than as provided for by legislative enactment or constitutional provision. Such power may be validly delegated to a municipal corporation by the legislature, and when so conferred must be exercised in strict accord with the statute conferring it. 37 Am. Jur., Municipal Corporations, p. 640, sec. 24. The legislature shall establish but one system of town and county government which shall be as nearly uniform as practicable, sec. 23, art. IV, Wisconsin constitution. By provisions particularly of sec. 62.07, Stats., and sec. 66.025 (annexation), and sec. 66.02 (consolidation), the legislature has prescribed a uniform method whereby territory of a town may become attached to a city.

A town has no right to determine the extent of territory that may be detached from it in valid proceedings under the statute. It is manifest, however, that a town's governmental affairs are affected and require adjustment when territory is taken from it. Apparently, in recognition of this situation, the legislature by enacting sec. 66.029, Stats., has provided that a town shall be permitted to protect its interests against an invalid proceeding brought to detach its territory. It cannot be held that such legislation is unreasonable. While, as heretofore pointed out, the legislature may delegate to a municipal corporation the power to extend its boundaries, such power when conferred, must be exercised in strict accord with the statute conferring it. Sec. 66.029 does not confer upon towns a right to prevent detachment of the town's territory when the proceedings for such purpose are in accordance with statutory requirements. This enactment merely grants to towns the right to compel and enforce a strict compliance with the required procedure fixed by the legislature with regard to detachment of their territory. It appears that

this legislation is in the interest of good order. Should a municipal corporation which is authorized by statute to annex territory of a town, attempt such attachment to it by invalid means, it is not difficult to appreciate that such action could seriously hamper and prejudice the planning and operation of the governmental affairs of the town. In such circumstances the town may well be confronted with uncertainty as to whether the area sought to be detached from the town might not be returned to it because of fatal defect in the proceedings. Certainly, to avoid any such confusion, the town has an interest in the proceedings. By means of this statute a town can protect such interest. It cannot be said that the enactment is outside the legislature's scope of authority.

Sec. 60.18 (2), Stats., provides that the qualified electors of the town have the power to direct the institution and defense of actions in which the town is interested. Sec. 66.029 authorizes the town board to institute, maintain, or defend an action brought to test the validity of proceedings whereby territory is detached from the town. In conferring power upon the town board to initiate or defend actions to test the validity of the proceedings brought for the purpose of detaching territory from the town, the legislature clearly acted within the realm of its authority. Manifestly, by providing that the town board may institute or defend such actions, it was the intention of the legislature to dispense with any vote by the electors at a town meeting in such matter.

We are constrained to conclude that a justiciable controversy existed between the towns and the city in the case at bar. The court has jurisdiction over the subject matter and the parties. In view of these conclusions we are of the opinion that it was within the province of the town to challenge the validity of the publication in question. However, with respect to the publication to which the appellants except, we concur with the trial court's conclusion of law that the

notice contained therein to the effect that the ordinance was to be acted upon at the next regular meeting of the common council, was merely surplusage, and did not vitiate the proceeding. Sec. 62.07 (1) (b), Stats., provides:

"An ordinance annexing such territory to the ward or wards named therein shall be introduced at a regular or special meeting of the council after the filing of the petition, be published once each week for four successive weeks in the official paper and thereafter be adopted at a regular or special meeting by two thirds of all the members of the council."

It is to be noted that this statute does not require that a notice be published advising as to a hearing by the common council. No hearing is prescribed. The sole requirements are that the ordinance be published for four successive weeks in the official paper, and that it be adopted at a meeting of the common council and by a vote of at least two thirds of the membership of the council. The only purpose of the publication of the ordinance is to advise those interested that the matter is before the council for consideration. *Roehrborn v. Ladysmith* (1921), 175 Wis. 394, 185 N. W. 170. A city council has no power to enlarge or limit a notice required by statute in an annexation proceeding. 2 McQuillin, Mun. Corp. (3d ed.), p. 358, sec. 7.35. *State ex rel. Johnson v. Clark* (1911), 21 N. D. 517, 131 N. W. 715.

In *Powell v. Greensburg* (1898), 150 Ind. 148, 49 N. E. 955, a statute provided that when territory was to be annexed to a city, a petition should be presented to the county commissioners correctly describing the land, and that a notice of the intended petition describing the territory to be annexed, should be published. Included in the publication was a statement of the names of the owners of the land involved. The court said (p. 153):

"The law did not require that the notice should give the names of the owners of the land in addition to the description thereof, and the fact that such notice, through mistake

or inadvertence, or otherwise, states that a certain person therein named is the owner of the land or territory sought to be annexed, will not vitiate or invalidate it, nor render it deficient or illegal. . . . As the statute did not require the name of any landowner to be stated in the notice, the name of the latter, whether he was the owner of the land or not, could be rejected as surplusage without impairing the sufficiency or validity of the notice."

Since the towns were interested parties, they were entitled to notice as required by statute, nothing more. They now charge that the surplus information contained in the publication was misleading and fraudulent. The court found that they failed to establish fraud. True, signers of the annexation petition were entitled to withdraw their names at any time before the ordinance was finally acted upon by the common council of the city. *Blooming Grove v. Madison* (1948), 253 Wis. 215, 33 N. W. (2d) 312. That a town is privileged to attempt to persuade signers of the petition to cause their names to be withdrawn therefrom, is not denied by respondent. However, in the instant matter such time was actually extended by virtue of the common council's delay in acting upon the ordinance. We find no merit to the contention that the towns were prejudiced or misled by virtue of the inclusion in the published notice of a statement of the time when the common council would vote upon the ordinance, or in the common council's deferment of action upon the ordinance to a time subsequent to that specified.

The last question presented for determination is whether the ordinance is invalid because the area sought to be annexed included land owned by the town of Blooming Grove and used by it for park purposes. Appellants contend that a city does not have the power to enact a valid ordinance annexing land owned by another exclusively existing municipality. They maintain that the legislature has delegated only the power to annex privately-owned land as distinguished from municipal property such as town parks.

The trial court held that since parks are not exempted or distinguished from other municipality-owned property either in the annexation statute (sec. 62.07) or in the adjustment of assets and liabilities statute (sec. 66.03), the inclusion of the park area in question would not affect the validity of the annexing ordinance. The court also determined that the question of whether title to the park be transferred to the city of Madison or retained by the town of Blooming Grove is premature in this action.

In the complaint the validity of the ordinance is attacked. The matter of the disposition of the land used as a park is not in issue. The trial court was correct in determining that the matter of the disposition of the park is premature here.

Our attention has not been directed to any case in this court or other appellate jurisdiction where it has been determined that annexation effort was invalid for the reason that the territory sought to be annexed included land owned by the municipality from which the proposed annexed area was to be detached. The cases involving land owned by the municipality whose territory was detached deal with the disposition of the land after the annexation had been perfected. At common law, title to such land passed automatically to the annexing municipality. See *Cassian v. Nokomis* (1948), 254 Wis. 94, 99, 35 N. W. (2d) 408. In *Town of Milwaukee v. City of Milwaukee* (1860), 12 Wis. * 93, it was determined that upon annexation the title to such land remained in the municipality from which the territory had been detached, but that it was subject to the jurisdiction and government of the annexing municipality. See also *De Pere v. Bellevue* (1892), 31 Wis. 120. Obviously sec. 66.03, Stats., is intended to provide a plan to equitably distribute property and liabilities of the dissolved area in annexation programs. *State ex rel. Thompson v. Beloit City School Dist.* (1934), 215 Wis. 409, 253 N. W. 598.

Sec. 62.07, Stats., provides that territory adjacent to any city may be annexed to such city upon compliance with specified procedure. The statute makes no exemption of lands owned by a town, a county, the state, the United States, or by any person. Sec. 66.03 provides the method of procedure for adjustment of assets and liabilities on division of territory between towns and cities. The statute does not provide that the right to the possession and control of real estate shall automatically pass upon annexation to the municipality in which the same is situated except as provided in sec. 66.03 (3) (b) with regard to school buildings and sites. Sec. 66.03 (3) (a) provides that "The title to real estate shall not be transferred except by agreement, but the value thereof shall be included in determining the assets of the municipality owning the same and in making the adjustment of assets and liabilities." Without doubt the very existence alone of secs. 62.07 and 66.03 is indication that the legislature contemplated that land owned by one municipality may be included within territory annexed to another municipality.

Appellants argue that all lands in the territory to be annexed must appear on the tax roll, and point to the fact that the park in question is not on the tax roll. In support of this contention they rely on *Wilson v. Sheboygan* (1939), 230 Wis. 483, 283 N. W. 312, where it was claimed that the property of a public utility was not on the tax roll and, therefore, could not be annexed. Sec. 62.07, Stats., at the time provided that the annexation petition was to be signed by electors and owners of property on the tax roll. The court found that the utility was on the tax roll of the state tax commission. The court did not construe the statute. Were the contention in *Wilson v. Sheboygan, supra,* correct, then every church, school, lake, park, facility, or property owned by the government, state, county, or town would be excluded from territory sought to be annexed. A city then would not be able to annex town territory containing any such prop-

erty. We cannot subscribe to the view contended for by appellants in this regard.

Appellants argue further that if a park adjacent to a city was the only territory which the city desired to annex, it could not under existing law do so. Without passing upon the merits of this contention, suffice it to say, that such is not the situation here.

Further, appellants maintain that annexation of the park would be tantamount to condemnation, and that a city cannot condemn town property. This contention is based upon the fact that the annexation ordinance provides that the territory annexed shall be subject to the ordinances and regulations governing the ward to which it is annexed. Annexation is not tantamount to condemnation, and town-owned property located in the territory of a city is subject to regulation by the city as is other property.

It is next argued that the city may enact ordinances which might unreasonably restrict the town in its use of the park. There was no finding by the court with respect to this item. Any unreasonable ordinance with respect to a situation such as posed by appellants could no doubt be successfully challenged by the towns.

The next contention is that if the park was annexed, the city may well attempt to assess the cost of special improvements for streets, etc., against the town in violation of the principle that the city cannot tax inhabitants of the town. Sec. 62.16 (7), Stats., provides that no parcel of land in a city shall be exempt from the payment of a tax for the improvement of streets or sidewalks, except property belonging to the United States or to the state. It appears that in view of this provision, property owned by counties and towns when located in cities, may be subject to such assessments, at least for streets and sidewalks.

Appellants argue further that since the city cannot use the park, it may not be incorporated within the city's limits. We

find no merit to this contention. It is to be noted that a city cannot use government, state, or county property within its limits.

Next, the appellants maintain that the possession and control of a park by a municipality involves the exercise of governmental powers as distinguished from proprietary powers, and that were the park to be annexed, then a conflict of governmental power would result. Under existing statutes a town adjacent to a city may own a park located outside its boundaries. It does not appear that a town is prohibited from exercising police powers over its parks situated outside its limits. In *Town of Milwaukee v. City of Milwaukee, supra,* the court held that a municipality may operate a poor-house situated beyond its territorial limits. Obviously the care of the poor is an exercise of a governmental function. We find no merit to appellants' contention in this respect.

Lastly, it is contended that the provision in sec. 66.03 (3), Stats., to the effect that title to real estate remains in the town unless transferred by agreement, is contrary to any construction of sec. 62.07 permitting the annexation of town-owned lands. In opposition, it is maintained that the provision referred to in sec. 66.03 instead of being contradictory, actually supports the construction. It is pointed out that there would be no necessity for a provision concerning transfer of title to real estate unless it were contemplated that real estate of the town might be included in an area annexed to the city. Sec. 62.07 makes no exception as to any type of territory that may be annexed. Appellants' position in this particular cannot be sustained.

These considerations impel the conclusion that neither by statute nor by court decision is a city prohibited from annexing territory of a town for the reason that the annexed territory contains land owned by the town whose territory is detached.

On the pleadings and findings we are obliged to determine that in its endeavor to annex territory from the towns of Madison and Blooming Grove, the city of Madison complied fully with the requirements of the statutes. In the briefs and oral arguments on this appeal, both parties presented their views concerning the transfer of title to the park as that item is affected by the annexation. However, since the matter is not directly in issue, this court is without jurisdiction to adjudicate it here.

The judgment rendered by the trial court declaring the annexation valid must be sustained.

*By the Court.*—Judgment affirmed.