TOWN OF SALEM, Respondent, v. KENOSHA COUNTY, Appellant.

*No. 35. Argued January 29, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 467.)

For the appellant there were briefs and oral argument by *Joseph Salituro,* corporation counsel.

For the respondent there was a brief by *Schoone, Mc-Manus & Hanson, S. C.*, attorneys, and *Robert J. Grady* of counsel, all of Racine, and oral argument by *Mr. Grady*.

HALLOWS, C. J. The briefs raise several questions and state facts which are not alleged in the complaint and therefore are *dehors* the record.[1] The main issue the parties are arguing is not raised by facts pleaded and the complaint does not state the cause of action contended for by the town of Salem. Pertinent parts of the complaint allege the town adopted a resolution giving the town board all the powers of a village board and that it passed a code of ordinances which embraced "zoning, subdivision, building, architectural, sanitary and road map." The complaint, which was not drafted by appeal counsel, also alleges, "That on February 17, 1970, the County Board of Kenosha County passed a flood-lands and shoreland zoning ordinance which ordinance is now sought to be enforced in the town of Salem, Kenosha county, Wisconsin." The rest of the complaint alleges the county ordinance is arbitrary, capricious and inequitable; that it is confiscatory, unconstitutional and illegal; that the ordinance seriously affects the town of Salem's tax base; and that the action is brought for declaratory relief.

In its brief the county of Kenosha argues the town has not complied with prerequisite conditions for bringing a suit for declaratory relief under sec. 269.56, Stats.: That the town is challenging the constitutionality of a state law and has no standing to do so; that the town of Salem has no protectible legal interest; that the interests of the town of Salem and the county of Kenosha are not adverse; and that the statutes provide for a method of review of shoreland and flood plain regulations which

[1] This is not a case of stipulated facts after a demurrer has been filed under sec. 263.225, Stats.

have not been exhausted. Assuming the ordinance was passed under secs. 144.26 and 59.971, Stats., the remedies provided in secs. 87.30 and 144.26, which provide a method of review for orders of the department of natural resources are not applicable.

We think the town of Salem has standing to bring a suit for declaratory relief to test the constitutionality of a county ordinance; but in this case, such a cause of action is not properly pleaded. The town of Salem contends in its brief the ordinance passed by the county was adopted under authority granted in secs. 59.07 (51) and 144.26, Stats., and also contends the ordinance challenged is labeled "Floodland and Shoreland Sanitary Ordinance." Nowhere in the complaint is there any allegation that the ordinance is a sanitary ordinance or that it was passed under any particular sections of the statutes. The town of Salem is arguing about one type of ordinance and the county of Kenosha is arguing about another type; and the complaint is so indefinite that it does not identify the kind or character of the ordinance involved. A copy of the ordinance is not attached to or made a part of the complaint.

A shorelands and floodland ordinance may be passed to effect the purpose of sec. 144.26, Stats., and to promote public health, safety, and general welfare by counties by way of an ordinance, but such an ordinance must be enacted separately from ordinances pursuant to sec. 59.97. Such an ordinance may zone all lands in unincorporated areas within certain distances from navigable waters and streams. *Just v. Marinette County* (1972), 56 Wis. 2d 7, 201 N. W. 2d 761; sec. 59.971, Stats. Such an ordinance under sec. 59.971 (5) supersedes all ordinances enacted under sec. 59.97 which relate to shorelands. To promote public health, safety, convenience, and general welfare, counties are given the power under sec.

59.97 to pass zoning ordinances and to provide for a master plan and an official map. Counties under sec. 59.07 (51),[2] have the power to adopt building and sanitary codes but such codes shall not apply within cities, villages, or towns which have adopted ordinances or codes concerning the same subject matter.

The town of Salem seems to be claiming the ordinance in question is a sanitary code enacted under sec. 59.07 (51), Stats., while the county claims the ordinance passed was enacted under sec. 59.971. This question cannot be determined by a demurrer because of the inadequacy of the pleading. It is well established that a complaint, when attacked by demurrer, is to be liberally construed and upheld if it expressly or by reasonable inference states any cause of action. *Waukesha County Dept. of Social Services v. Loper* (1972), 53 Wis. 2d 713, 193 N. W. 679; *Kelly v. Mohrhusen* (1971), 50 Wis. 2d 337, 184 N. W. 2d 149; *Wulf v. Rebbun* (1964), 25 Wis. 2d 499, 131 N. W. 2d 303. Facts are not to be added in giving the pleading a liberal construction. *Jennaro v. Jennaro* (1971), 52 Wis. 2d 405, 190 N. W. 2d 164; *Estate of Rosenstein* (1970), 47 Wis. 2d 494, 177 N. W. 2d 372. But the pleader is to be given the benefit of any reasonable inference which might be drawn. The reviewing court will make every reasonable presumption in favor of the complaint. *D'Amato v. Freeman Printing Co.* (1968), 38 Wis. 2d 589, 157 N. W. 2d 686; *Probst*

---

[2] "**59.07 General powers of board.** The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language: . . .

"(51) BUILDING AND SANITARY CODES. Adopt building and sanitary codes, make necessary rules and regulations in relation thereto and provide for enforcement of such codes, rules and regulations by forfeiture or otherwise. Such codes, rules and regulations shall not apply within cities, villages or towns which have adopted ordinances or codes concerning the same subject matter."

*v. Menasha* (1944), 245 Wis. 90, 13 N. W. 2d 504. But in this case the complaint just does not plead facts for declaratory relief.

*By the Court.*—Order reversed, with directions to sustain the demurrer and allow the town of Salem twenty days in which to serve and file an amended complaint.