TOWN OF BLOOMING GROVE, Respondent, v. CITY OF MADISON, Appellant.*

*No. 601 (1974). Submitted under sec. (Rule) 251.54 October 30, 1975.—Decided November 25, 1975.*
(Also reported in 235 N. W. 2d 493.)

* Motion for rehearing denied, without costs, on February 27, 1976.

For the appellant the cause was submitted on the brief of *Edwin Conrad,* city attorney, and *Larry W. O'Brien,* deputy city attorney.

For the respondent the cause was submitted on the brief of *Burt P. Natkins* and *DeWitt, McAndrews & Porter, S. C.,* all of Madison.

For the appellant there was a rehearing brief by *Henry A. Gempeler,* city attorney, and *Larry W. O'Brien,* deputy city attorney.

CONNOR T. HANSEN, J. On January 29, 1974, the common council of the city adopted seven separate ordinances, each of which annexed a "town island" located in the town of Blooming Grove. The annexation proceeding was instituted pursuant to the provisions of sec. 66.021 (15), Stats., as created by ch. 143, Laws of 1973, effective December 2, 1973.

The statute provides:

"66.021 **Annexation of territory.** . . .

" . . .

" (15) ANNEXATION OF TOWN ISLANDS. Upon its own motion, a city or village by a two-thirds vote of the entire membership of its governing body may enact an ordinance annexing territory which comprises a portion of a town or towns and which was completely surrounded by territory of the city or village on December 2, 1973. The ordinance shall include all surrounded town areas except those exempt by mutual agreement of all of the governing bodies involved. The annexation ordinance shall contain a description of the territory sufficiently accurate to determine its location, and the name of the

town or towns from which such territory is detached. Upon enactment of the ordinance, the city or village clerk immediately shall file 5 certified copies of the ordinance in the office of the secretary of state, together with 5 copies of a scale map showing the boundaries of the territory annexed. The secretary of state shall forward 2 copies of the ordinance and scale map to the department of transportation, one copy to the department of revenue and one copy to the director of the planning function in the department of local affairs and development. This subsection does not apply if the town island was created only by the annexation of a railroad right-of-way or drainage ditch. This subsection shall not apply to land owned by a town government which has existing town government buildings located thereon. No town island may be annexed under this subsection if the island consists of over 65 acres or contains over 100 residents. After December 2, 1973, no city or village may, by annexation, create a town area which is completely surrounded by said city or village."

No challenge is made to whether the seven town islands met the criteria of sec. 66.021 (15), Stats. It also appears that seven town islands constituted all such islands within the town.

The town challenged the validity of the ordinances on procedural grounds and the statute itself on constitutional grounds. The trial court entered judgment determining that although the town could not raise the constitutional issue, the ordinances had not been enacted in accordance with the statutory requirements and, therefore, were invalid.

The issues raised on this appeal are:

1. Does the town have capacity to challenge the constitutionality of sec. 66.021 (15), Stats.?

2. Did the enactment of seven separate annexation ordinances comport with the procedural requirements of sec. 66.021 (15), Stats.?

The issue of the capacity of the town to challenge the constitutionality of sec. 66.021 (15), Stats., was

considered in *Town of Germantown v. Village of Germantown,* ante, p. 704, 235 N. W. 2d 486, decided November 25, 1975. *Germantown* stands for the proposition that the town does not have the capacity to challenge the constitutionality of this statute. The case is dispositive of this issue on this appeal. The town of Blooming Grove does not have the capacity to challenge the constitutionality of this statute, and the judgment of the trial court which made such a determination is affirmed.

*Compliance with statutory procedural requirements.*

The city argues that the annexation of the seven town islands by seven separate ordinances should be construed as compliance with the prescribed statutory requirements and the judgment of the trial court reversed.

Sec. 66.021 (15), Stats., is clear and unambiguous on its face. The statute clearly states that all town islands meeting the statutorily defined criteria in a town and within the boundaries of a village or city, with the exception of drainage ditches and railroad right-of-way, may be annexed by *an* ordinance. The statute further provides: *"The* ordinance shall include . . . ." (Emphasis added.) The statute cannot be construed to permit the annexation of seven town islands by seven separate annexation ordinances.

We quote and agree with the observation of the trial judge on overruling the demurrer of the city:

". . . However, we do not understand why the city chose to follow the course it did in view of the clear language of the statute. The statute clearly says there shall be *an* ordinance. An is the singular and means one in plain English. Likewise 'The ordinance shall include . . .' refers to but the singular, not plural. The statute is clear that there must be but a single ordinance to cover all islands of a town."

This court has consistently followed the proposition that:

"The power granted by the legislature to municipalities to extend their boundaries must be exercised in strict conformity with the statute conferring it. *Town of Madison v. City of Madison* (1955), 269 Wis. 609, 70 N. W. (2d) 249." *Greenfield v. Milwaukee* (1956), 272 Wis. 610, 611, 612, 76 N. W. 2d 320.

The numerous cases coming to this court over the years reflect the difficulties annexation cases present to various governmental entities. The city argues that they have "substantially complied" with the statute, and the town has shown "no prejudice" as a result of the procedures followed by the city. To add such considerations to or substitute them for the established rule of strict conformity in annexation cases would only compound the already perplexing problems that exist among governmental units in this type of case. The instant case is a prime example of the result of the failure to comply with the statutory mandate.

*Town of Madison v. City of Madison* (1955), 269 Wis. 609, 70 N. W. 2d 249, does not support the position of the city, as it suggests. In that case the notice contained a surplusage, and the circumstances involved no violation of express statutory language. Annexation of territory from a township may in fact have serious consequences to the town, not the least of which may be its tax base. In annexation cases, we see no reason why the annexing municipality should not be required to comply strictly with the mandate of the statute. In this case, the city did not do so. The judgment of the trial court is affirmed.

*By the Court.*—Judgment affirmed.

WILKIE, C. J. *(dissenting in part)*. The majority chooses form over substance in voiding the seven unanimously adopted city ordinances annexing town islands in the town of Blooming Grove.

The controlling statute, sec. 66.021 (15), is ambiguous as pertinent here. The rule on the existence of the statutory ambiguity has been stated most recently in *Madison Metropolitan Sewerage Dist. v. DNR:*[1]

". . . The test of ambiguity has been consistently stated: ' " 'A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses.' " ' (citing cases) . . . ."

The statute here does not specifically set forth a requirement for a single ordinance. It must be considered ambiguous.

"This court has held that where a statute is ambiguous, this court must ascertain the legislative intention as disclosed by the language of the statute in relation to its scope, history, context, subject matter and the object intended to be remedied or accomplished. *Wisconsin Southern Gas Co. v. Public Service Comm.* (1973), 57 Wis. 2d 643, 205 N. W. 2d 403. The object to be accomplished by a statute must be given great weight in determining legislative intent. *Town of Menominee v. Skubitz* (1972), 53 Wis. 2d 430, 192 N. W. 2d 887. . . ." *Ortman v. Jensen & Johnson, Inc.* (1975), 66 Wis. 2d 508, 520, 225 N. W. 2d 635.

In reading the terms of the statute and in considering the issues presented in *Town of Germantown v. Village of Germantown,* ante, p. 704, 235 N. W. 2d 486, it would appear that the purpose of the legislation clearly is to provide for a unilateral and summary procedure by which the annexing entity takes in all surrounded areas that meet the area and population requirements.

That a single ordinance was not contemplated by the Legislature when it enacted sec. 66.021 (15) is shown by the provisions of the sentence of the statute which reads:

[1] (1974), 63 Wis. 2d 175, 179, 216 N. W. 2d 533.

"The ordinance shall include all surrounded town areas except those exempt by mutual agreement of all of the governing bodies involved."

This statutory directive clearly negates any purpose in setting forth a specific requirement for either a single ordinance, or multiple ordinances, since whichever procedure is used, no surrounded "town island" can be exempted unless both parties agree to such exemption. This provision leaves no room for discretion on the part of the annexing authority to unilaterally refuse to annex areas meeting the criteria set forth; absent mutual agreement, all areas must be annexed. Therefore, the legislative intent as to elimination of all eligible "town islands" is met if all such areas are indeed annexed, regardless of the number of ordinances adopted.

I see no prejudice to the residents to the town island areas if several ordinances are used as here. The thrust of the majority decision is that the same end result of the annexation of the seven town island areas will be accomplished, but the city will be obliged to back up and put the seven annexations into a single ordinance. Under the circumstances of this case, I would allow the seven ordinances to stand as already adopted.

I am authorized to state that Mr. Justice BRUCE F. BEILFUSS and Mr. Justice LEO B. HANLEY join in this dissent.