Town of Germantown, Appellant, v. Village of Germantown, Respondent.

*No. 620 (1974). Argued October 30, 1975.—Decided November 25, 1975.*
(Also reported in 235 N. W. 2d 486.)

For the appellant there was a brief by *Schloemer, Schlaefer, Alderson, Hickmann, Seefeldt & Spella, S. C.* of West Bend, and oral argument by *Aldwin H. Seefeldt.*

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Phillip J. Eckert* of West Bend.

A brief amicus curiae was filed for the League of Wisconsin Municipalities by *Jean G. Setterholm*, legal counsel, and *Paul J. Swain*, assistant legal counsel.

CONNOR T. HANSEN, J. This case relates to sec. 66.021, Stats., entitled Annexation of town islands. The statute was created by ch. 143, Laws of 1973, and became effective December 2, 1973.

The statute provides:

"66.021 **Annexation of territory.** . . .

". . .

"(15) ANNEXATION OF TOWN ISLANDS. Upon its own motion, a city or village by a two-thirds vote of the entire membership of its governing body may enact an ordinance annexing territory which comprises a portion of a town or towns and which was completely surrounded by territory of the city or village on December 2, 1973. The ordinance shall include all surrounded town areas except those exempt by mutual agreement of all of the governing bodies involved. The annexation ordinance shall contain a description of the territory sufficiently accurate to determine its location, and the name of the town or towns from which such territory is detached. Upon enactment of the ordinance, the city or village clerk immediately shall file 5 certified copies of the ordinance in the office of the secretary of state, together with 5 copies of a scale map showing the boundaries of the territory annexed. The secretary of state shall forward 2 copies of the ordinance and scale map to the department of transportation, one copy to the department of revenue and one copy to the director of the planning function in the department of local affairs and development. This subsection does not apply if the town island was created only by the annexation of a railroad right-of-way or drainage ditch. This subsection shall not apply to land owned by a town government which has existing town

government buildings located thereon. No town island may be annexed under this subsection if the island consists of over 65 acres or contains over 100 residents. After December 2, 1973, no city or village may, by annexation, create a town area which is completely surrounded by said city or village."

The facts are not in dispute. On December 17, 1973, the village enacted the ordinance by unanimous vote of its seven-member board. The ordinance annexed the two town islands which were at that time part of the town but were surrounded by portions of the village. The two parcels are identified as Parcel 1 and Rockfield.

Parcel 1, in December of 1973, consisted of less than 65 acres, contained less than 100 residents and was completely surrounded by village territory. Rockfield, in December of 1973, consisted of less than 65 acres, and was completely surrounded by village territory. A dispute exists as to the number of residents. It concerns the status of Joseph E. Thiesen, a college student.

Before December 18, 1973, no formal notice was given to the town that the village intended to annex two parcels of its land. On that date, the notice of annexation was published in the newspaper.

We consider that this appeal presents the following issues:

1. Does the town have the capacity to challenge sec. 66.021 (15), Stats., on constitutional grounds?

2. Did the village comply with the requirements of sec. 66.021 (15), Stats., when it adopted the annexation ordinance?

3. Must the village show a reasonable present or future need for the parcels annexed pursuant to sec. 66.021 (15), Stats.?

4. Was Joseph E. Thiesen a "resident" of Rockfield during December of 1973?

5. Should determinations regarding residency be made based on the effective date of sec. 66.021 (15), Stats., or at the time of any ordinance enacted pursuant thereto?

*Capacity to challenge constitutionality.*

The town argues that sec. 66.029, Stats., empowers a town to challenge in a representative capacity the validity of annexation proceedings.

Sec. 66.029, Stats., Town boundaries, actions to test alterations, provides:

". . . In proceedings whereby territory is attached to or detached from any town, the town is an interested party, and the town board may institute, maintain or defend an action brought to test the validity of such proceedings, and may intervene or be impleaded in any such action."

The town also urges that the Declaratory Judgments Act, sec. 269.56, provides procedural machinery for attacks under sec. 66.029, *supra,* including constitutional challenges.

It has been a long-standing rule in this state that legislatively created entities of the state, including towns, have no capacity to make constitutional challenges to statutes. *Village of Sussex v. Department of Natural Resources* (1975), 68 Wis. 2d 187, 197, 228 N. W. 2d 173; *Marshfield v. Cameron* (1964), 24 Wis. 2d 56, 63, 127 N. W. 2d 809; *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. 2d 228, 233, 130 N. W. 2d 806, 131 N. W. 2d 699; *Columbia County v. Wisconsin Retirement Fund* (1962), 17 Wis. 2d 310, 116 N. W. 2d 142.

An argument similar to that raised by the town with respect to procedural statutes granting a legal entity the capacity to sue to protect its interests was raised in *Columbia County, supra.* This court therein held that such enabling statutes do not abrogate the traditional rule cited above.

Sec. 66.029, Stats., does not give the town the capacity to attack the constitutionality of the challenged statute. However, the town does have the right to protect its interest with respect to the validity of the proceedings

conducted pursuant thereto which resulted in the promulgation of the annexation ordinance. *Blooming Grove v. Madison* (1957), 275 Wis. 328, 332, 81 N. W. 2d 713, is not in conflict with this provision. That case does state that sec. 66.029, Stats., authorizes a "town board to maintain an action to test the validity of the proceedings, without qualification as to time or ground of attack." However, the case goes to the question of the appropriateness of the proceedings, not the constitutionality of the statute by authority of which those proceedings were conducted. Sec. 66.029 and the Declaratory Judgments Act do not abrogate the traditional rule, applicable to towns, *Marshfield v. Cameron, supra,* that legislatively created entities generally do not have capacity to challenge the constitutionality of a legislative enactment.

Notwithstanding the general rule referred to above, certain exceptions have been recognized by this court. The recognized exceptions are that a legislatively created entity may challenge the constitutionality of a statute:

". . . (1) [i]f it is the agency's official duty to do so, or the agency will be personally affected if it fails to do so and the statute is held invalid, and (2) if the issue is of 'great public concern.' " *State ex rel. La Crosse v. Rothwell, supra,* page 233.

The town contends that *Fulton Foundation v. Department of Taxation* (1961), 13 Wis. 2d 1, 14b, 108 N. W. 2d 312, 109 N. W. 2d 285, recognizes a third exception to the rule. We do not agree. In *Fulton,* the department was allowed to challenge a statute on equal protection grounds. This court decided that the grounds asserted were of great public concern and, in doing so, observed:

"There is a further reason of policy for holding that the department should be permitted to raise this particular issue of constitutionality. This is that unless the department is permitted to do so there is little likelihood that any taxpayer will. . . ."

Neither *Fulton Foundation, supra,* nor *State ex rel. Sullivan v. Boos* (1964), 23 Wis. 2d 98, 101, 126 N. W. 2d 579, create a third exception based upon the sole fact that a governmental entity can raise the issue of constitutionality because there is little likelihood that any affected individual would do so. Both of these cases stand for the proposition that the fact no individual is likely to challenge the enactment may be a consideration in the judicial determination of whether the alleged constitutional issues fall within the "great public concern" exception.

Contrary to the assertion of the town, *Town of Salem v. Kenosha County* (1973), 57 Wis. 2d 432, 434, 204 N. W. 2d 467, does not support the argument that the town has capacity to challenge the constitutionality of sec. 66.021 (15), Stats. *Town of Salem, supra,* reaffirms the principle that a municipal corporation may test the validity of an ordinance or law applied to it to determine whether it complies with the requirements of the enabling statute. The case holds that if an ordinace is not passed under a statutory grant of authority, it is constitutionally invalid.

*In re City of Beloit* (1968), 37 Wis. 2d 637, 155 N. W. 2d 633, presented the question of the validity of an annexation ordinance, not the constitutionality of a statute. The trial court found that it had no jurisdiction to make a determination of the issue being litigated, because the statute delegated legislative authority to the court. Thus the towns were not challenging the constitutionality of the statute. The appeal was based upon the determination of the trial court that it lacked jurisdiction. We affirmed.

The town's final argument is that the rule of reason gives the town authority to challenge the constitutionality of the statute. However, the authorities cited to support this contention go to the question of whether procedures followed in the adoption of ordinances comport with constitutional requirements, not whether the statute itself is constitutional.

The town lacks capacity to challenge the constitutionality of sec. 66.021 (15), Stats., and the order by the trial court striking from the complaint the allegations involving constitutional challenges was appropriate.

Since we determine the town has no capacity to challenge the constitutionality of the statute, we do not reach the questions of equal protection and due process raised by the town.

### *Compliance with statutory requirements.*

The town contends that the annexation ordinance enacted by the village pursuant to sec. 66.021 (15), Stats., is invalid because that section should be construed to require preannexation notice. This argument is based on that sentence of the statute which reads as follows:

"The ordinance shall include all surrounded town areas except those exempt by mutual agreement of all of the governing bodies involved."

The town asserts that, if this language is to be given any effect at all, it must be construed to require preannexation notice, especially since a contrary interpretation could result in the expiration of the period in which challenge could be made under sec. 66.021 (10), before the affected town or its residents had any knowledge of the ordinance. The fact that sec. 66.021 (10) provides a time period for challenge to ordinances does not mandate any requirement of notice with respect to sec. 66.021 (15), since such section stands on its own as a pronouncement of legislative policy that town islands should be eliminated.

There is no specific language in sec. 66.021 (15), Stats., which requires notice be served or published before annexation. The legislative mandate is clear. It is to give villages and cities an opportunity to annex all closely defined town islands in a particular town lying within the corporate boundaries. No such town island can be

annexed under sec. 66.021 (15) if it consists of over 65 acres or contains more than 100 residents. To further implement the legislative intent, the statute provides that no city or village may, in the future, by annexation, create a town area which is completely surrounded by such city or village. The prohibition against annexation of town islands created by a railroad right-of-way or drainage ditch is not involved on this appeal. The village must annex all islands of the town which fall within the category of the established size or population. It cannot select those islands which it believes most advantageous for annexation and exclude the islands it considers less desirable.

The statutory language relied upon by the town does not support the claim of a notice requirement. The clause "by mutual agreement of all of the governing bodies involved," specifically refers to a situation when an area *will not* be annexed. If the village for some reason decides it would not be advantageous to annex all the islands in corporate limits then it can proceed *only* by mutual agreement of the governing bodies involved. The statutory language cannot be strained to make the mutual agreement provision a notice requirement when *all* islands *will* be annexed.

A general analysis of the purposes and procedures set forth in sec. 66.021 (15), Stats., leads to the conclusion that the statute provides for a unilateral and summary annexation of clearly defined town islands. There is no requirement for a preannexation notice and no such requirement can be inferred from the language of the statute. There was no violation of the statute for not having given the town preannexation notice.

*Rule of reason.*

The trial court found that the legislature intended to exclude the rule of reason as to annexation under sec. 66.021, Stats. This conclusion of the trial court is sup-

ported by a thorough and well-reasoned analysis of both the statutory and case law.

The rule of reason requires that:

". . . (1) exclusions and irregularities in boundary lines must not be the result of arbitrariness, (2) some reasonable present or demonstrable future need for the annexed property must be shown, and (3) no other factors must exist which would constitute an abuse of discretion. . . ." *Town of Lyons v. Lake Geneva* (1972), 56 Wis. 2d 331, 337, 202 N. W. 2d 228.

In *Elmwood Park v. Racine* (1966), 29 Wis. 2d 400, 412, 139 N. W. 2d 66, this court indicated that the rule of reason, previously applicable under annexation statutes in which a public interest determination was required, was also applicable to ordinances enacted under the statute there in question, even though the statute made no provision for a public interest determination, since there was no evidence of a legislative intent to abrogate the rule. *In re City of Beloit* (1968), *supra,* page 648, in its review of *Elmwood Park, supra,* contains the following language:

". . . We pointed out that while the standards for a public interest determination in secs. 66.02 and 66.021, Stats., were compatible with the rule of reason as applied to legislative action pursuant to those sections, the absence of such standards in sec. 66.024 did not abrogate the rule of reason. Consequently, we applied the rule of reason to the annexation proceeding under sec. 66.024."

The provisions of sec. 66.021 (15), Stats., on their face, satisfy the requirement of the rule of reason. The provision that all town islands be annexed precludes the possibility that exclusions or irregularities could result from the ordinance since the entire parcel or parcels located within a particular town would be annexed. Any exemptions could only be by mutual agreement and thus could not result from arbitrariness. The legislature has ex-

pressed the policy in the public interest that no more town islands be created and that existing ones within the statutory classification be eliminated. The legislature has, by its own enactment, determined that there exists a present need to annex and eliminate certain well-defined town islands. The legislature has also determined that there is a public interest in eliminating these existing town islands and preventing the creation of town islands in the future. Thus the legislature has determined for itself that annexation of certain well-defined town islands is in the public interest and satisfies the rule of reason.

### Definition of the term "resident."

Sec. 66.021 (15), Stats., applies only to town islands containing a total population of 100 residents or less. With respect to the Rockfield parcel, it was stipulated that certain persons, totalling a population of 100, were residents. The residency of Joseph E. Thiesen, a college student, is disputed.

Joseph E. Thiesen, if considered a resident of Rockfield in December, 1973, would bring the total number of residents to 101. Thiesen was twenty-one years old, unmarried, and a student at Minnesota's Mankato State College. His parents are residents of Rockfield. He held a Wisconsin driver's license and a selective service card with his Rockfield address thereon, and he voted by absentee ballot at the Rockfield address. His income tax returns for 1973 listed Rockfield as his home. He went to Rockfield from Mankato on December 16, 1973, for the Christmas holidays, and returned to school in January, 1974.

The trial court found that Thiesen was not a Rockfield resident for the purposes of classifying it as an area eligible for annexation.

In *Smith v. Whitewater* (1947), 251 Wis. 313, 316, 29 N. W. 2d 37, this court stated that:

". . . 'Resident' is an elastic term which may refer to a temporary sojourner as well as to one possessing a legal domicile. Its statutory meaning in a particular case is dependent upon the sense in which it is used as gathered from its context, the object of the statute, and other accepted aids in statutory construction. . . ."

The fundamental purpose of the statute is not in question. It deals with the right of one legislatively created entity to annex town islands from another legislatively created entity. The statute does not refer to a particular right or benefit to be accorded the individual whose status is in question, such as eligibility for voting, obtaining a divorce, welfare benefits or filing a suit in a particular court.

We observe, as did the trial court, that federal census counts, including those in Wisconsin, place the residency of students in the area where they live while attending college, 1970 Number of Inhabitants of Wisconsin (1971), U. S. Bureau of the Census, Final Report P. C. (1)—A51, at pages III and IV.

The type of legislation involved, and the context within which it is to be administered, leads to the conclusion that a determination of residency on criteria used in federal-type census counts is appropriate and the trial court did not err in making such a determination.

*Effective date for determination of "town island" criteria.*

The issue is whether population should be determined at the date on which the statutory section became effective, December 2, 1973, or on the date of adoption of any ordinance enacted thereunder. In the instant case the ordinance in question was adopted in December, 1973, and no residency changes took place in either of the

annexed parcels during December. However, this is a declaratory judgment action and we deem it proper to make such a determination.

The town maintains that the effective date of the statute should control. We are of the opinion the position of the town is untenable.

There is no cutoff point in the future for adopting ordinances pursuant to sec. 66.021 (15), Stats. As time since the effective date of the statute continues to elapse, any determination of population based on its effective date becomes more difficult. Moreover, the legislative history shows that the original bill included a clause mandating the effective date of the statute as the control date. This serves to militate against the town's position, since the legislature, by eliminating the clause from the final act, made the determination that it was not necessary that the statutory date be controlling. The appropriate point in time for making a determination as to population is the date of the adoption of the ordinance.

*By the Court.*—Judgment affirmed.