# TOWN OF SHEBOYGAN, Plaintiff-Appellant, †

## v.

# CITY OF SHEBOYGAN, Defendant-Respondent.

Court of Appeals

*No. 88–2347. Submitted on briefs April 13, 1989.—Decided April 19, 1989.*

(Also reported in 441 N.W.2d 752.)

† Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Raymond M. Roder* of *Whyte & Hirschboeck, S.C.,* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Stephen G. McLean,* city attorney of Sheboygan.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   The sole issue on appeal is whether a statute of limitations which requires an action to be brought within ninety days after the adoption of an annexation ordinance means ninety days after the passage of the ordinance or ninety days from the day it becomes effective. We conclude that the former construction is correct and accordingly affirm.

On March 7, 1988, the city of Sheboygan passed an ordinance annexing territory known as the Pigeon River annexation. The mayor approved the ordinance on March 9, it was published on March 14, and it became effective on March 15. The town of Sheboygan filed an action challenging the ordinance's validity on June 7, 1988. The city moved to dismiss based on the statute of limitations.

Section 893.73(2), Stats., reads in part:

> The following actions are barred unless brought within 90 days after the adoption of the order, annexation ordinance or final determination of the action contested:
>
>      . . ..
>
>      (b)   An action to contest the validity of an annexation, if s. 66.021(10)(a) applies to the action.

It is undisputed that this action was filed ninety-two days after the passage of the ordinance.

Following oral and written arguments, the trial court ruled that "adoption" was synonymous with "passage" and dismissed the action. The town appeals.

Several different arguments are raised by the town, all of which revolve around the meaning of the word "adoption" as it is used in secs. 66.021(10) and 893.73(2), Stats. Statutory construction is a question of law which we review without deference to the trial court.

*In re R.J.,* 146 Wis. 2d 516, 519–20, 431 N.W.2d 708, 709 (Ct. App. 1988). In construing a statute, the primary source is the language of the statute itself. *Id.* at 520, 431 N.W.2d at 709. The entire section and related sections are to be considered in its construction or interpretation. *Id.* In determining the meaning of any single phrase or word in a statute, it is necessary to look at it in light of the whole statute. *Id.* at 520, 431 N.W.2d at 709–10.

The town argues that the language of sec. 893.73(2), Stats., indicates that the statute of limitations does not begin to run until the ordinance becomes "final," i.e., approved and published. This argument is based on the use of the phrase "final determination."

However, the phraseology of sec. 893.73(2), Stats., indicates that the emphasis is on the word "adoption," not "final." It requires the action to be brought within ninety days of the adoption of: (1) the order; (2) the annexation ordinance; or (3) the final determination. *Id.* Thus, the relevant date here is the date of adoption of the annexation ordinance.[1]

Section 66.021(10)(a), Stats., is cross-referenced by sec. 893.73(2), Stats., and reads:

> An action on any grounds whatsoever. . .to contest the validity of an annexation shall be commenced within the time after adoption of the annexation ordinance provided by s. 893.73(2).

---

[1]The choice of wording in sec. 893.73(2), Stats., is further clarified when one looks to its immediate origins. Section 893.73(2) was created to pull together scattered sections involving statutes of limitations for contesting governmental actions. Judicial Council Committee's Note, 1979, sec. 893.73. Some of these statutes referred to "orders" and others to "final determinations." *See, e.g.,* secs. 5, 6, ch. 323, Laws of 1979.

Looking to the whole of sec. 66.021, we note other uses of "adoption." Of particular interest is subsec. (5)(a) which reads in part:

> [T]he common council or village board may accept or reject the petition . . .. Acceptance may consist of adoption of an annexation ordinance.

Sec. 66.021(5)(a); *see also* secs. 66.021(11)(c)1, 66.025, Stats.

■
We conclude that the usage of the term "adoption," in context, unambiguously refers to the action of the legislative body in voting to approve the ordinance.[2] It does not refer to the approval of the ordinance by the mayor, the publishing of the ordinance, or its effective date.

Even if we were to decide that sec. 893.73(2), Stats., is ambiguous, an examination of legislative history would lead us to the same ultimate conclusion.

■
Prior to the amendment of sec. 66.021(10)(a), Stats., and the recreation of sec. 893.73(2), Stats., the statute of limitations was tied to the effective date of the annexation. Sec. 66.021(10)(a), Stats. (1977). The amendment removed the phrase "effective date" and substituted "adoption." Sec. 7, ch. 323, Laws of 1979.

---

[2]We note that the town itself used "adoption" in this manner in its complaint.

6. The City adopted the Ordinance (No. 172-87-88) approving the annexation on March 7, 1988; approval of said Ordinance by the Mayor of the City occurred on March 9, 1988 with publication of the same on March 14, 1988 and effective date on March 15, 1988.

We have considered the town's explanation that "adopt" refers to the entire three-step process and find it to be unpersuasive in light of the town's wording and punctuation.

214

This change of wording evinces a legislative intent to change the date from which the statute of limitations begins to run.

Other jurisdictions have previously addressed this issue and, using reasoning similar to ours, reached the same conclusion. *See Gleason v. City of Santa Monica,* 24 Cal. Rptr. 656, 657–58 (Ct. App. 1962); *see also Ross v. Board of Retirement,* 206 P.2d 903, 907 (Cal. Ct. App. 1949); *Appeal of Mortimer,* 112 A.2d 151, 153 (Pa. 1955). We have not found, nor has the town cited to us, any authority which interprets "adopt" in the manner that the town urges.

The trial court correctly ruled that the statute of limitations began to run on the date of passage, March 7, 1988. As such, the filing of this action was two days late, and the action was properly dismissed.

*By the Court.*—Order affirmed.