TOWN OF SHEBOYGAN, Plaintiff-Appellant,

v.

CITY OF SHEBOYGAN, Defendant-Respondent.†

Court of Appeals

*No. 91-2842-FT. Submitted on briefs March 4, 1992.—Decided
March 25, 1992.*

(Also reported in 483 N.W.2d 306.)

†Petition to review denied.

On behalf of plaintiff-appellant the cause was submitted on the briefs of *Michael J. Bauer* of *Hopp, Hodson, Powell & Raftery* of Sheboygan.

On behalf of defendant-respondent the cause was submitted on the brief of *Stephen G. McLean,* city attorney.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

ANDERSON, J.   The Town of Sheboygan (town) appeals from a judgment of the circuit court declaring that an annexation of a portion of the town by the City of Sheboygan (city) is valid and did not create a town island. Because we conclude the annexation creates a functional town island, we reverse the circuit court's judgment.

The town objects to the city's annexation of a twenty-five acre parcel known as the "Weiss annexation." The town objects because the annexation completely isolates a tract of forty-five lots from the remainder of the town. After annexation, this tract is bordered on the east by Lake Michigan and on its other three

sides by the corporate boundaries of the city. The town filed a declaratory judgment action seeking to have the annexation held invalid under sec. 66.021(15), Stats. The parties stipulated to the facts and the circuit court held that the tract was not an island because it was not completely surrounded by the city. The town appeals the judgment of the circuit court which approved the annexation and dismissed the town's declaratory judgment action.

The controlling statute is sec. 66.021(15), Stats. (1989-90).[1] That section provides:

> **(15)** ANNEXATION OF TOWN ISLANDS. Upon its own motion, a city or village by a two-thirds vote of the entire membership of its governing body may enact an ordinance annexing territory which comprises a portion of a town or towns and which was completely surrounded by territory of the city or village on December 2, 1973. The ordinance shall include all surrounded town areas except those exempt by mutual agreement of all of the governing bodies involved. The annexation ordinance shall contain a description of the territory sufficiently accurate to determine its location, and the name of the town or towns from which such territory is detached. Upon enactment of the ordinance, the city or village clerk immediately shall file 5 certified copies of the ordinance in the office of the secretary of state, together with 5 copies of a scale map showing the boundaries of the territory annexed. The secretary of state shall forward 2 copies of the ordinance and scale map to the department of transportation, one copy to the department of revenue and one copy to the department of development. This subsection does not apply if the town island was created only by the

---

[1] All citations to sec. 66.021(15), Stats., will be to the 1989-90 volume.

annexation of a railroad right-of-way or drainage ditch. This subsection does not apply to land owned by a town government which has existing town government buildings located thereon. No town island may be annexed under this subsection if the island consists of over 65 acres or contains over 100 residents. *After December 2, 1973, no city or village may, by annexation, create a town area which is completely surrounded by the city or village.*

*Id.* (emphasis added).

The circuit court found that the emphasized portion of the statute was applicable only if a portion of the town was entirely enclosed by the annexing city. The circuit court recognized that although a town island was the actual result of the Weiss annexation, "such action cannot be prohibited by the application of a specific statute whose statutory interpretation render [sic] it inapplicable to the facts and circumstances regardless of the underlying public policy."

The town argues that the statute is ambiguous because the emphasized portion reasonably can be read two ways. First, it can be read to prohibit a geographical isolation of a portion of the town, such as where the annexing city does border all sides of a portion of the town. The town's alternative reading of the statute prohibits a functional isolation that occurs when an annexation combines with natural or man-made features to cut off a portion of the town from the rest of the town. The town urges a commonsense reading of the statute to avoid the creation of a town island because of man-made or natural features.

The city responds that the statute is not ambiguous, but that it prohibits only an annexation in which the annexing city does in fact surround a portion of the town on all sides. If the statute is ambiguous, the city asserts

that it should be read to support its position that a town island must be completely enveloped by the boundaries of the annexing city.

The issue is one of statutory construction, and interpretation of a statute is a question of law that we review *de novo. Town of Sheboygan v. City of Sheboygan,* 150 Wis. 2d 210, 212, 441 N.W.2d 752, 753 (Ct. App. 1989). Generally, we do not look beyond the language of a statute to give effect to the intent of the legislature. *See In re J.S.P.,* 158 Wis. 2d 100, 107, 461 N.W.2d 794, 797 (Ct. App. 1990). However, where the language of the statute is ambiguous we may examine the scope, history, content, subject matter and object of the statute to discern legislative intent. *Id.* Furthermore, we must interpret the statute to avoid absurd or unreasonable results. *Kwiatkowski v. Capitol Indem. Corp.,* 157 Wis. 2d 768, 775, 461 N.W.2d 150, 153 (Ct. App. 1990).

A statute or a portion of a statute can be ambiguous either on its face or as applied to a set of facts. *See Sauer v. Reliance Ins. Co.,* 152 Wis. 2d 234, 241, 448 N.W.2d 256, 259 (Ct. App. 1989). The test for ambiguity is the same whether we are scrutinizing the entire statute or just a portion of it. *See J.S.P.,* 158 Wis. 2d at 108, 461 N.W.2d at 797. Statutory language is ambiguous if reasonable persons can disagree as to the meaning of the language or if the language is capable of being understood by a reasonable person in more than one way. *Id.* When we are examining a portion of a statute, it is essential to look at it in light of the entire statute, *see Town of Sheboygan,* 150 Wis. 2d at 213, 441 N.W.2d at 753, and construe it in the context in which it is used and to promote the purpose of the statute. *See Lukas-*

*zewicz v. Concrete Research, Inc.,* 43 Wis. 2d 335, 342, 168 N.W.2d 581, 585 (1969).

We conclude that the portion of sec. 66.021(15), Stats., applicable to the situation before us is ambiguous as applied to the facts. A literal reading of the statute's requirement that a portion of the town must be completely surrounded by the corporate boundaries of the annexing city would result in a holding that a town island is not created by the "Weiss annexation." In reality, however, a town island is created; a portion of the town bordering Lake Michigan and surrounded on all of its other sides by the city is isolated from direct town services such as police, fire, snow removal, road repair and ambulance.

This portion of the statute is ambiguous; the language does not consider town islands created, in part, because of natural or man-made barriers. The ambiguity does not occur because the meaning of "completely surrounded by the city" is unclear. Rather, the ambiguity arises because of the operation of the statute to specific facts. We therefore turn to extrinsic sources to uncover the legislative intent behind the statute. *See General Tel. Co. v. A Corp.,* 147 Wis. 2d 461, 464, 433 N.W.2d 264, 265 (Ct. App. 1988).

The contemporaneous circumstances around the enactment of the statute lead to the conclusion that the legislature intended to abolish existing town islands and prohibit the creation of new town islands. Section 66.021(15), Stats., was created by ch. 143, Laws of 1973. The original proposal was introduced as 1973 S.B. 9 on January 1, 1973. Eleven months earlier the Wisconsin Supreme Court had ruled that nothing in the constitution or the statutes prohibited the dividing of townships into two or more parts through annexation. *Town of*

*Waukechon v. City of Shawano,* 53 Wis. 2d 593, 597, 193 N.W.2d 661, 663 (1972). It is manifest that the introduction and passage of the statute was in direct response to the supreme court's decision and was an effort by the legislature to nullify the court's ruling that town islands could be created through annexation. *Cf. Town of Madison v. City of Madison,* 269 Wis. 609, 614, 70 N.W.2d 249, 252 (1955).

In urging that sec. 66.021(15), Stats., is to be read literally to require that the annexing city entirely surrounds the town island, the city relies on *Town of Germantown v. Village of Germantown,* 70 Wis. 2d 704, 235 N.W.2d 486 (1975), and *Town of Blooming Grove v. City of Madison,* 70 Wis. 2d 770, 235 N.W.2d 493 (1975), to support its position that the statute is not ambiguous. Neither case can be read to hold that the entire statute is clear and unambiguous, since both cases dealt only with a portion of the statute.[2]

However, these cases are instructive about the legislative intent of sec. 66.021(15), Stats.:

> The legislative mandate is clear. It is to give villages and cities an opportunity to annex all closely defined

---

[2]The decision in *Town of Germantown v. Village of Germantown,* 70 Wis. 2d 704, 235 N.W.2d 486 (1975), was limited to one sentence of sec. 66.021(15), Stats.: "The ordinance shall include all surrounded town areas except those exempt by mutual agreement of all of the governing bodies involved." *Town of Germantown,* 70 Wis. 2d at 712, 235 N.W.2d at 491. Likewise, the court in *Town of Blooming Grove v. City of Madison,* 70 Wis. 2d 770, 235 N.W.2d 493 (1975), considered a procedural requirement of sec. 66.021(15): "Upon its own motion, a city . . . may enact an ordinance annexing territory which comprises a portion of a town or towns and which was completely surrounded by territory of the city . . .." *Town of Blooming Grove,* 70 Wis. 2d at 771, 773, 235 N.W.2d at 494, 495.

town islands in a particular town lying within the corporate boundaries. . . . To further implement the legislative intent, the statute provides that no city or village may, in the future, by annexation, create a town area which is completely surrounded by such city or village.

*Town of Germantown,* 70 Wis. 2d at 712–13, 235 N.W.2d at 491.[3] It is plain that in enacting this statute, the legislature had two goals in mind: first, the elimination of existing town islands, and second, the prohibition of new town islands.

We are satisfied that the legislative intent of the portion of sec. 66.021(15), Stats., under consideration was to prohibit the creation of new town islands after the effective date of the statute. To permit the creation of a town island because one border was a natural or man-made barrier rather than an annexing city's corporate boundary would frustrate the legislative intent. This is contrary to the legislature's goal of prohibiting new town islands.

The city asks us to read sec. 66.021(15), Stats., literally and to hold that a town island is created only when a portion of the town is completely within the corporate boundaries of the annexing city. The city wants us to ignore either natural or man-made barriers which, when employed in conjunction with corporate boundaries, isolate a portion of the town. The city would have us ignore lakes, rivers, county lines, state lines, etc., and confine the town island prohibition to the limited situation of an annexing city completely enveloping a portion of a town.

---

[3]In his dissent in *Town of Blooming Grove,* Chief Justice Wilke refers to the legislative intent being the elimination of town islands. *Town of Blooming Grove,* 70 Wis. 2d at 776, 235 N.W.2d at 497 (Wilke, J., dissenting, in part).

The city's position leads to an unreasonable result because it ignores this state's hundreds of miles of shoreline along the Mississippi River, Lake Superior and Lake Michigan. The city's reading of the statute would permit any city or village along or near the shoreline to carve up townships into islands with impunity as long as a part of the town island's border was shoreline. A literal reading of the prohibition would also condone the creation of town islands that border county lines or state lines. Finally, towns sandwiched between municipalities with the power to annex could also be divided into islands where one border is the corporate boundary of a non-annexing municipality.

We may reject a literal reading of a portion of a statute when its application to the facts leads to an unreasonable result. *Bob Ryan Leasing v. Sampair,* 125 Wis. 2d 266, 268, 371 N.W.2d 405, 405–06 (Ct. App. 1985). We reject the city's literal reading of the statute and literal application of the statute to the facts of this case. To acquiesce in the city's opinion that the statute is unambiguous would be to sanction the creation of town islands when the clear legislative intent is to rid Wisconsin of such territorial aberrations.

*By the Court.*—Judgment reversed and cause remanded.