STATE EX REL. David M. MCDONALD, Petitioner,

v.

CIRCUIT COURT FOR DOUGLAS COUNTY, BRANCH II, the Honorable Douglas S. Moodie, presiding; Keith Peterson, Douglas county district attorney; and the Wisconsin State Attorney General's office, Respondents-Petitioners.

Supreme Court

*No. 79–1927–W. Argued February 9, 1981.*
*—Decided March 3, 1981.*

(Also reported in 302 N.W.2d 462.)

For the respondents-petitioners the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief (in this court) was *Bronson C. La Follette,* attorney general.

For David M. McDonald there was a brief (in court of appeals) and oral argument by *Michael Yovovich,* assistant state public defender.

WILLIAM G. CALLOW, J. This is a review of a decision of the court of appeals granting a supervisory writ prohibiting the circuit court for Douglas county, Branch II, Hon. Douglas S. Moodie, the Douglas county district attorney, and the state attorney general from conducting a preliminary examination in the prosecution of a violation of sec. 346.67, Stats.[1] The court of appeals

---

[1] Sec. 346.67, Stats., provides:

"**346.67 Duty upon striking person or attended or occupied vehicle.** (1) The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:

concluded that, because a violation of sec. 346.67 was a misdemeanor and not a felony, no preliminary examination should be held. *State ex rel. McDonald v. Douglas County Cir. Ct.*, 95 Wis.2d 423, 290 N.W.2d 559 (Ct. App. 1980). We hold that a violation of sec. 346.67 when death or injury is alleged constitutes a felony, and we reverse.

This action arises from a criminal complaint filed by the district attorney for Douglas county on November 13, 1979, charging David M. McDonald with "feloniously" failing to stop his vehicle and return to the scene of an accident involving injury to a person, in violation of sec. 346.67, Stats. Prior to a scheduled preliminary examination, the judge advised McDonald of his belief that the charge was a felony and rescheduled the preliminary examination to provide McDonald an opportunity to seek extraordinary relief from the court of appeals in the form of a determination whether the offense with

"(a) He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

"(b) He shall, upon request and if available, exhibit his operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

"(c) He shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

The penalties for violating this section are provided in sec. 346.-74(5), Stats., as follows:

"(5) Any person violating any provision of s. 346.67 may be fined not more than $200 or imprisoned not more than 6 months or both if the accident did not involve death or injury to a person and may be fined not less than $5 nor more than $5,000 or imprisoned not less than 10 days nor more than one year if the accident involved death or injury to a person."

which he was charged was a felony or misdemeanor. Following the order of the court of appeals granting a writ prohibiting the circuit court from proceeding on the charge as a felony, the respondents petitioned this court for a review of the order granting the writ. Subsequent to the filing of the petition to review, McDonald pleaded guilty to the offense and was fined. We granted the petition to review on July 9, 1980, and on August 20, 1980, McDonald moved to dismiss the case as moot. That motion was denied.

## I. MOOTNESS

McDonald's plea of guilty, payment of a fine, and consequent discharge raises the issue of mootness. The attorney general, representing the petitioners on this review, concedes that as to McDonald individually the question is moot because the controversy with respect to his violation of sec. 346.67, Stats., has been terminated.

A case is moot when a determination is sought which, if rendered, could have no practical effect upon a then-existing controversy. *In Matter of K. H.*, 98 Wis.2d 295, 300, 296 N.W.2d 746 (1980) ; *Family Savings & Loan v. Barkwood Landscaping Co., Inc.*, 93 Wis.2d 190, 207, 286 N.W.2d 581 (1980) ; *State ex rel. Ellenburg v. Gagnon*, 76 Wis.2d 532, 535, 251 N.W.2d 773 (1977). A determination by this court whether a violation of sec. 346.67, Stats., constitutes a felony or a misdemeanor will have no effect upon McDonald, and as the case involves him individually, we hold it to be moot. This conclusion does not preclude our consideration of the basic question involved in the case, however, as we have often stated that we will reach the merits of a moot question where it presents an issue of great public importance or where the situation involved will arise with sufficient frequency to warrant a definitive decision to guide trial courts in

similar instances. *Racine v. J-T Enterprises of America, Inc.*, 64 Wis.2d 691, 701, 221 N.W.2d 869 (1974) ; *Carlyle v. Karns*, 9 Wis.2d 394, 397, 101 N.W.2d 92 (1960). In this case we believe the question involved to be of great public importance and, in addition, that there is substantial likelihood that it will recur with sufficient frequency to warrant our consideration.

## II. *FELONY OR MISDEMEANOR*

Sec. 346.67, Stats., imposes upon the operator of a motor vehicle involved in an accident the duty to stop at or return to the scene of the accident, provide identification, and render reasonable assistance to any person injured in the accident. The penalty for violating sec. 346.67 is found in sec. 346.74(5). Pursuant to that section, if the accident does not involve death or injury of a person, a violator may be fined not more than $200 and imprisoned for not more than six months. If the accident results in death or injury to a person, the violator may be fined $5 to $5,000 or imprisoned from ten days to one year.

The state argues that the violation involved in this case, that is, one involving death or injury to a person, is a felony because the maximum period of incarceration upon conviction, pursuant to sec. 346.74(5), Stats., is one year with no place of confinement designated. Sec. 939.60,[2] provides that a felony is a crime punishable by imprisonment in a Wisconsin state prison; and sec. 973.02,[3] provides that, when no place of imprisonment is

---

[2] Sec. 939.60, Stats., provides:

"**939.60 Felony and misdemeanor defined.** A crime punishable by imprisonment in the Wisconsin state prisons is a felony. Every other crime is a misdemeanor."

[3] Sec. 973.02, Stats., provides:

"**973.02 Place of imprisonment when none expressed.** When a statute authorizes imprisonment for its violation but does **not**

prescribed, a sentence of one year may be to the state prisons or to the county jail. The state concludes that, since the penalty prescribed for the instant violation could be a one-year term of imprisonment, and since a one-year sentence may be to a state prison, the offense is "punishable" by imprisonment in a state prison and is thus a felony under sec. 939.60.

McDonald responds that the issue is not properly determined solely by reference to secs. 939.60 and 973.02, Stats., because the offense involved predates the adoption of the predecessor to sec. 973.02. Rather, he argues that the issue is controlled by this court's decision in *State ex rel. Gaynon v. Krueger*, 31 Wis.2d 609, 143 N.W.2d 437 (1966). In *Gaynon* we held that, where an offense predated the 1945 revision of the criminal code which created sec. 353.27(2), Stats. (later 959.044 and now 973.02), its classification as a felony or misdemeanor must be determined by resort to legislative intent at the time of its creation. This holding was based upon the view that "[sec. 973.02] was not legislation for the purpose of changing grades of crimes but was as its caption indicates to designate the 'Place of imprisonment when none expressed' in the section creating the crime. It deals solely with the place of imprisonment of felonies and misdemeanors and should not be used retroactively as a whiplash to change the grade of an offense by reference to sec. 939.60." *Id.* at 618. Applying the principles set forth in *Gaynon*, McDonald argues that an examination of the legislative history of sec. 346.67 reveals a legislative intent that the hit and run offense be classi-

---

prescribe the place of imprisonment, 1) a sentence of less than one year shall be to the county jail, 2) a sentence of more than one year shall be to the Wisconsin state prisons and the minimum under the indeterminate sentence law shall be one year, and 3) a sentence of one year may be to either the Wisconsin state prisons or the county jail. But in any proper case sentence and commitment may nevertheless be to the department or any house of correction or other institution as provided by law."

fied as a misdemeanor and that this intent should be recognized despite the presence of secs. 939.60 and 973.02.

In an effort to circumvent *Gaynon,* the state relies upon *Zastrow v. State,* 62 Wis.2d 381, 215 N.W.2d 426 (1974), and *State v. Asfoor,* 75 Wis.2d 411, 249 N.W.2d 529 (1977), for the proposition that, even where an offense predates the 1945 revision of the criminal code, if the section creating the offense is substantively changed subsequent to that revision, it is permissible to apply the normal presumption that the legislature is aware of other sections of the statutes when enacting legislation. Arguing that the penalty provisions applicable to a violation of sec. 346.67, Stats., were substantively changed in 1957, the state concludes it is permissible to presume that in revising that section the legislature was aware of secs. 939.60 and the predecessor to 973.02, and that those sections apply.

Both parties agree that under a strict reading of the applicable statutes sec. 346.67, Stats., and its penalty section, 346.74(5), create a felony where the accident involves death or personal injury. The question then is whether under the rationale of *Gaynon* and its progeny a strict reading is permissible and, if not, whether the intent of the legislature as reflected in the legislative history of secs. 346.67 and 346.74(5) was to classify the instant violation as a felony or misdemeanor.

In *Gaynon* we were confronted with the task of classifying a violation of sec. 71.11(42), Stats. 1965,[4] as either a felony or misdemeanor. There the state offered the

---

[4] Sec. 71.11(42), Stats. 1965, provides:

"71.11   Administrative provisions; penalties. . . .

"(42) SAME; FAILURE TO FILE RETURN; FRAUD. Any person, other than a corporation, who fails or refuses to make a return at the time hereinbefore specified in each year or shall render a false or fraudulent return shall upon conviction be fined not to exceed $500, or be imprisoned not to exceed one year, or both, at the discretion of the court, together with the cost of prosecution."

same literal reading of the statutes in order to find the offense a felony. The majority rejected that argument because of its belief that sec. 959.044 (now sec. 973.02), was not enacted as an aid to classifying grades of crimes. Turning to the legislative history of sec. 71.11(42), the court observed that when it was initially enacted the prevailing rule was that crimes which did not expressly designate a grade or place of confinement ordinarily created misdemeanors. In addition, the court expressed the view that crimes carrying penalties of imprisonment for periods of "not more than one year" or of like effect were normally considered misdemeanors. Looking at other sections of the tax code dealing with similar conduct which were by express designation of the grade or the place of confinement intended to be misdemeanors, the majority concluded that a violation of sec. 71.11(42) was intended to be a misdemeanor.[5] Finally, the court rejected the argument that, because the section was reenacted in 1947, subsequent to the enactment of the predecessor to sec. 973.02, the classification statutes of the criminal code should apply. Sowing the seed later to germinate in *Zastrow,* the court pointed out that the purpose of the reenactment of that section was not to change the substance of the offense but only to effectuate the streamlining of the statutes, and thus the 1947 revision could not be viewed as having been done with reference to other substantive statutory sections to convert what had been a misdemeanor into a felony.

Three members of this court dissented in *Gaynon,* expressing the opinion that the statutes in question were plain and unambiguous and were not susceptible to any other interpretation. Citing *Town of Madison v. City of Madison,* 269 Wis. 609, 614, 70 N.W.2d 249 (1955), for the rule that statutes are presumed to be enacted with

---

[5] This section was amended and its violation expressly designated a felony by Chapter 314, Laws of 1969.

full knowledge of and with reference to existing laws, the dissenters opined that the proper method of determining the grade of the offense in question was by resort to the classification statutes in the criminal code, and that under this method the offense was clearly a felony.

In *Zastrow* the court again rejected a literal application of secs. 939.60 and 973.02, Stats., but it was able to employ the exception foreshadowed in *Gaynon* to hold that welfare fraud involving a sum of money between $100 and $500 is a felony. The statutory penalty, found in sec. 49.12, Stats. 1971, was similar to the one we are dealing with in this case in that it provided for a term of confinement not to exceed one year. We stated:

"The penalties provided by sec. 49.12, Stats., were changed considerably in 1957 and must be presumed to have been enacted in light of the provisions of the Criminal Code and the 'place of imprisonment' statute. Therefore, we agree with the position of the state that the statutes compel the conclusion that a penalty of 'not more than one year' creates a felony." 62 Wis.2d at 387.

The most recent consideration of this sort of issue was in *State v. Asfoor, supra.* There we applied the post criminal code amendment technique to hold that a violation of sec. 940.24 (1), Stats. 1973, was a felony. Discussing the nature and effect of the amendments to the statute in question, we said:

"Presumably the legislature was aware that when no place of imprisonment was expressed and the sentence was for a year, a violator could be imprisoned in either the state prison or county jail. Again, presumably, the legislature was aware that a crime which was punishable (not punished) by imprisonment in the state prison was a felony." 75 Wis.2d at 439.

Our examination of these cases leads us to question seriously the rationale of *Gaynon* and the post criminal

code amendment exception employed in *Zastrow* and *Asfoor*. This court continues to recognize the fundamental proposition that the legislature, in enacting statutes, is presumed to do so with full knowledge and awareness of existing statutes. *Mack v. Joint School District No. 3*, 92 Wis.2d 476, 489, 285 N.W.2d 604 (1979) ; *State ex rel. Klingler & Schilling v. Baird*, 56 Wis.2d 460, 468, 202 N.W.2d 31 (1972) ; *Town of Madison v. City of Madison, supra*. If the legislature can be presumed to have been aware of the existence of sec. 973.02 or its predecessors when it enacted or amended certain statutes dealing with criminal offenses, most assuredly it must be presumed to have been aware of the many existing statutes carrying sentences of one year with no place of confinement specified when it originally enacted sec. 353.27, the predecessor to sec. 973.02, Stats., as Chapter 154, Laws of 1945. It is pure sophistry to suggest that this presumed legislative awareness exists in the one situation but not in the other, and we decline to perpetuate a ratio decidendi embracing that notion.

As was argued by Chief Justice Currie, dissenting in *Gaynon*, concerning the statutes at issue there, the statutes involved directly in this review (secs. 346.67, 346.74 (5), 939.60, and 973.02) are clear and unambiguous and thus leave no room for any interpretation except that which can be derived from the plain meaning of the statutes themselves. *Kearney & Trecker Corp. v. Dept. of Revenue*, 91 Wis.2d 746, 753, 284 N.W.2d 61 (1979) ; *State v. Tollefson*, 85 Wis.2d 162, 167, 270 N.W.2d 201 (1978) ; *Moherek v. Tucker*, 69 Wis.2d 41, 45, 230 N.W. 2d 148 (1975). The statutes clearly denominate the offense of which McDonald was convicted a felony.

Not only is this method of analysis compelled by allegiance to basic principles of statutory construction, but it is to be favored for other reasons as well. A review of the current statutes reveals an alarming number of

offenses which may be punished by imprisonment for one year without specifying a place of confinement.[6] The "felony or misdemeanor" question latent in each of these would force trial courts to enter the morass of legislative history under the *Gaynon, Zastrow, Asfoor* line of cases to see whether a post 1945 amendment activated a presumption of legislative awareness or, if not, to discover the intended grade of the offense without reference to the classification and place of confinement statutes. Trial courts should not be required to do so, nor should the attendant possibility of inconsistent conclusions relative to any one offense be risked. In addition, the certainty and clarity with which these questions may be resolved will inure to the benefit of those charged with the offense as well as the public at large, all of whom are entitled to know by examination of the statutes whether an offense is a felony or a misdemeanor.

Despite the foregoing, our holding in this case does not require that we expressly overrule *Gaynon*. We believe the legislative history of sec. 346.67 and its accompanying penalty section, sec. 346.74(5), reveal a clear intent that failing to return to the scene of an accident involving death or injury to a person be a felony, and thus *Gaynon* is not an obstacle to reaching that result.[7]

---

[6] *See, for example:* secs. 47.07(6), 49.12(1), 72.86(6), 79.17(5), 100.03(2)(b), 100.26(5), 101.94(8)(b), 134.05, 139.25(2), 161.41 (1)(d), 161.41(1m)(d), 161.41(2)(d), 161.41(2r)(a), 161.42(2), 176.053(2), 344.48(2), 446.07, 765.30(1), 765.30(2), 768.07, Stats. 1979–80.

[7] The court of appeals concluded that the violation involved herein was intended by the legislature to be a misdemeanor. We disagree. The "hit and run" offense was introduced as a misdemeanor by Chapter 600, Laws of 1911, creating sec. 1636–54, Stats. Chapter 576, Laws of 1913, changed the offense to a felony and provided a penalty of a fine and imprisonment from three months up to two years. That section, later renumbered sec. 4416a and then 343.181, was captioned *"Motorist to assist injured person,"* and the offense was limited to a failure to stop where the acci-

In summary, we hold that a violation of sec. 346.67, Stats., involving death or injury to a person constitutes a felony. We reach that result by reading together secs. 346.67, 346.74(5), 939.60, and 973.02, Stats., which provide (1) an offense punishable by confinement for one year with no place of confinement specified; (2) a declaration that, when a statutory offense does not specify a

---

dent resulted in injury to a person. Chapter 427, Laws of 1935, repealed sec. 343.181 and created sec. 85.141, captioned "*Accident on highways.*" Subsection (1) of that section, entitled "ACCI-DENTS INVOLVING DEATH OR PERSONAL INJURIES," imposed on motorists a duty to stop or return to the scene under those circumstances, and it provided a penalty of a fine or imprisonment for not less than ten days nor more than one year. The express designation of this offense as a felony was removed, and the maximum period of incarceration was reduced by one year. The court of appeals thought this change significant, and it is upon this that McDonald relies as well. However, sec. 85.-141(2) introduced a new offense under the title "ACCIDENT INVOLVING DAMAGE TO VEHICLE" which had not been contained in any of the forerunner sections. This subsection imposed a duty to stop or return where only property damage was involved, and the failure to do so was expressly designated a misdemeanor. The separate treatment of accidents involving death or personal injuries and those involving only property damage has been carried through subsequent amendments, including the statutes with which this review is concerned. While sec. 346.67 commands the motorist to stop at accidents involving death, personal injury, or property damage, the penalty section, 346.74(5), provides different punishments depending upon the circumstances of the accident. We are not persuaded that in removing the express felony designation from what formerly had been only a death or personal injury statute the legislature intended to downgrade the offense from a felony to a misdemeanor. The creation of a separate offense relating to property damage, expressly designated a misdemeanor, suggests to us the opposite: failure to stop at the scene of an accident involving personal injuries or death is a far more serious matter deserving severer penalties. To have expressly designated only the property damage offense and not the one involving personal injury or death a misdemeanor, when it so easily could have done both, the legislature must have intended only that section to create a misdemeanor.

place of confinement, a sentence of one year may be to either the county jail or the state prisons; and (3) a classification as felonies of all crimes punishable by imprisonment in the state prisons. No further inquiry is needed.

*By the Court.*—The decision of the court of appeals is reversed.

BEILFUSS, C. J., took no part.

SHIRLEY S. ABRAHAMSON, J. (*concurring*). A computer search shows that more than 15 statutes provide that an offense may be punished by imprisonment for one year without specifying the place of confinement. Each statute raises the *Gaynon-Zastrow-Asfoor* and (now) *McDonald* issue of legislative intent, namely, did the legislature intend the offense to be punished as a felony or misdemeanor. Though the court "question[s] seriously" the *Gaynon* decision, it does not "expressly overrule" it. The court continues to look to legislative history to determine whether the legislature intended the offense to be a felony or misdemeanor.

Whether the "alarming number of offenses" (*supra,* p. 578) which present this question will spawn an alarming number of cases of the *Gaynon-Zastrow-Asfoor-McDonald* species remains to be seen. The prospect is not an attractive one. Determining legislative intent by judicial decision of the trial court, the court of appeals and then the supreme court is an expensive and time-consuming procedure. A simpler, speedier and cheaper way to determine the legislative intent as to these 15 or so offenses is by legislative decision. The legislature should clearly state its intent. The legislature can compile a list of all statutes providing that the offense may be punished by imprisonment for one year without specifying the place of confinement; the legislature can then decide which offenses are to be punished as felonies and

which as misdemeanors; and the legislature can then amend the statutes accordingly. I respectfully recommend this solution to the legislature.