Theodore E. GIBSON, Petitioner-Appellant,

v.

Transportation Commission, DEPARTMENT OF TRANSPORTATION, Bernard E. Gehrmann, Administrator of the Transportation Commission, and Norman K. Anderson, Administrator of the Division of Motor Vehicles, of the State of Wisconsin, Respondents.†

Court of Appeals

*No. 80–1396. Argued February 26, 1981.—*
*Decided July 17, 1981.*
(Also reported in 309 N.W.2d 858.)

† Petition to review granted. ABRAHAMSON, J., took no part.

For the petitioner-appellant there was a brief by *Sandy Swartzberg* and *Druck and Swartzberg* of Milwaukee, and *Neil Gebhart, Center for Public Representation* of Madison, and oral argument by *Sandy Swartzberg.*

For the respondents there was a brief by *Bronson C. La Follette,* attorney general, and *Albert Harriman,* assistant attorney general, and oral argument by *Albert Harriman,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

DYKMAN, J. Theodore Gibson was convicted of armed robbery on April 27, 1976. On December 13, 1977, he applied for a school bus operator's license from the Department of Transportation. The department denied Gibson's application on the basis of sec. 343.12(2)(e), Stats., which reads:

The department shall issue a school bus operator's license to a person only if such person meets all of the following requirements:

. . . .
(e) Subject to s. 111.32(5)(a) and (h), has not been convicted of a felony or offense against public morals within the past 5 years.

Section 111.32(5)(a) and (h), Stats., reads in pertinent part:

(5)(a) "Discrimination" means discrimination because of age, race, color, handicap, sex, creed, national origin, ancestry, *arrest record or conviction record,* by

an employer or licensing agency . . . [emphasis supplied].

. . . .

(h) . . . . It is discrimination because of arrest record or conviction record:

. . . .

2. For any employer, labor organization, licensing agency or employment agency to refuse to hire, employ, admit or license any person, or to bar or terminate any person from employment, membership or licensing, or to discriminate against any person in promotion, compensation, terms, conditions or privileges of employment, membership or licensing, or otherwise to discriminate against any person because such person has an arrest record or a conviction record; provided, however, that it shall not be unlawful:

. . . .

b. For an employer or licensing agency to refuse to employ or license, or to bar or terminate from employment or licensing, any person who has been convicted of any felony, misdemeanor or other offense the circumstances of which substantially relate to the circumstances of the particular job or licensed activity.

Gibson requested and received a hearing on the department's action pursuant to sec. 227.064, Stats. The hearing examiner's proposed decision affirming the department's refusal to issue the operator's permit was affirmed by the Transportation Commission. Gibson's petition for judicial review was heard by the Circuit Court for Dane County, which affirmed the commission. This appeal is from the judgment of the circuit court.

The issues are:

(1) Is this case moot?
(2) Does the Wisconsin Fair Employment Act[1] require the commission to conduct a more extensive investigation into the circumstances of Gibson's offense?
(3) Did the trial court erroneously allocate the burden of proof to Gibson?

[1] Sections 111.31 to 111.37, Stats.

(4) Was a letter from a department attorney to Gibson's attorney an invalidly enacted department rule?
(5) Are the trial court's findings supported by substantial evidence?

## IS THIS CASE MOOT?

We asked the parties to brief the issue of whether this case was moot because more than five years have passed since Gibson was convicted of armed robbery, removing the bar of sec. 343.12(2)(e), Stats., to his obtaining a school bus driver's license.

In *Hahner v. Board of Education*, 89 Wis. 2d 180, 186, 278 N.W.2d 474, 476 (Ct. App. 1979), quoting *Wisconsin Employment Relations Board v. Allis-Chalmers Workers' Union*, 252 Wis. 436, 440-41, 32 N.W.2d 190, 192 (1948), we reaffirmed the definition of a moot case:

A moot case has been defined as one which seeks to determine an abstract question which does not rest upon existing facts or rights, or which seeks a judgment in a pretended controversy when in reality there is none, or one which seeks a decision in advance about a right before it has actually been asserted or contested, or a judgment upon some matter which when rendered for any cause cannot have any practical legal effect upon the existing controversy.

We conclude that regardless whether the case is moot, a decision is required because the matter involves the interpretation of a statute that is of great public importance. *State ex rel. McDonald v. Circuit Court for Douglas County*, 100 Wis. 2d 569, 572, 302 N.W.2d 462, 463 (1981). This is so because this case involves the issue of what steps a licensing agency or employer must take to determine whether the circumstances of a prospective employee or licensee's conviction of a crime substantially relate to the circumstances of a particular job or licensed activity.[2]

---

[2] The author of this opinion would hold that the case is moot because it seeks a judgment upon a matter that now cannot

## ARE CIRCUMSTANCES OF GIBSON'S CRIME SUB-STANTIALLY RELATED TO POSITION OF SCHOOL BUS DRIVER?

At Gibson's hearing, he testified as follows:

One night I went to the gym, Boys' Club of America, I am a member there, I used to be a member there. Me and a friend of mine played ball, we worked out a little bit and he asked me to take him home. Well, I took him home. That same night, I stopped and got cigarettes and as I was paying for the cigarettes, my supposed to have been buddy came, got out of the car, and he drew a gun. When he drew the gun, I was more like, you know, scared, hysterical. I didn't know what to do. I told the lady, "He's joking," and she looked and she looked at me and she looked back at him and he told me, "Let's go." I froze and, I don't know, my mind went blank. He told me, "Let's go," again, and I left. When I left, I took him about a block away, he tried to break me off some of the money, I told him, "No, that is okay, just split, man." From that point, I went to my girlfriend's house.

The statute under which Gibson was convicted reads in pertinent part:

"Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous weapon, shall be guilty of a separate felony . . ." Sec. 35–12–1–1, Indiana Criminal Code.

Gibson argues that the department is required by the Fair Employment Act to conduct an investigation into the circumstances surrounding a school bus license applicant's conviction of a crime to determine whether

have any practical legal effect upon the existing controversy. Gibson's conviction for armed robbery may not be used to deny him a school bus driver's license. The case is no longer of great public importance because the issue involved was decided by the supreme court in *Law Enforce. Stds. Bd. v. Lyndon Station*, 101 Wis. 2d 472, 305 N.W.2d 89 (1981).

those circumstances substantially relate to the circumstances of the job of school bus driver. Section 111.32 (5)(h)2, Stats., is silent as to how an employer is to determine whether circumstances of the applicant's conviction substantially relate to the circumstances of the particular job.

The supreme court recently interpreted sec. 111.32 (5)(h)2.b, Stats., in *Law Enforce. Stds. Bd. v. Lyndon Station,* 101 Wis. 2d 472, 305 N.W.2d 89 (1981). That case was a proceeding in mandamus requiring the village to fire its police chief, William Jessen, because he had been convicted of twenty-six counts of misconduct in public office. The court stated that the police chief had falsified uniform traffic citations, which led to his conviction, and then said:

> Thus, under the facts of this case, it can hardly be said that the circumstances of the offense for which Jessen was convicted fail to meet the substantial relationship exception to the prohibition against employment and licensing discrimination on the basis of a conviction record set forth in sec. 111.32(5)(h)(2)b, Stats., as common sense dictates that a conviction of the felony of misconduct in public office for falsifying traffic tickets certainly bears a substantial relationship to the duties of a police officer who is called upon to issue traffic citations. Therefore, when reading sec. 111.32(5)(h), Stats., in conjunction with sec. 165.85(4)(c), Stats., (empowering the LESB to promulgate minimum competency and reliability qualifications for employment of law enforcement officers) and Wis. Adm. Code LES § 2.01(1)(d) when dealing with the certification and employment of a law enforcement officer, we hold that the circumstances of Jessen's convictions for falsifying uniform traffic citations substantially relate to his duties as police chief for the Village of Lyndon and thus is barred from holding a law enforcement position in Wisconsin. 101 Wis. 2d at 492, 305 N.W.2d at 99.

The supreme court concluded as a matter of law that the relationship between the crime of falsifying uniform

traffic citations and the job of police chief satisfied the requirements of the "substantial relationship" test found in sec. 111.32(5)(h)2.b, Stats. That the majority treated the question as one of law rather than of fact was emphasized by the dissent, which stated:

I dissent because I believe it is error for this court to make the determination, as it does here, that the circumstances of Jessen's felony convictions in 1973 substantially relate to the circumstances of his job as police chief and that he is therefore disqualified from being police chief in 1981. In my view the Law Enforcement Standards Board (LESB), not this court, should make this determination. In making the determination itself the majority has, I believe, usurped the powers of the LESB and of the Village Board of Lyndon Station; has exceeded its appellate jurisdiction by acting as a factfinder; and has violated rudimentary concepts of fair play. 101 Wis. 2d at 498, 305 N.W.2d at 101–02 (Abrahamson, J., dissenting).

The conclusion to be drawn from *Lyndon Station* is that it is not necessary, as Gibson suggests, for the commission to conduct an inquiry into the circumstances surrounding his conviction. All that is necessary is an inquiry into the elements of the crime of which the potential licensee was convicted. In *Lyndon Station,* the police chief was convicted of misconduct in public office because he falsified uniform traffic citations. In Gibson's case, he was convicted of armed robbery because, in the words of the statute, he either committed or attempted to commit a felony, armed with a dangerous or deadly weapon, or he aided or assisted the commission of a felony by one armed with a dangerous weapon. In either case, Gibson's willingness to become involved in a crime that involved the potential of deadly force is the factor that must be squared with the job of school bus driver. The issue here, applying the analysis used in *Lyndon Station,* is the construction of a statute and its applica-

tion to the facts of this case. That is a question of law. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758–59, 300 N.W.2d 63, 70 (1981). We review questions of law *de novo*. *First National Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

The commission produced evidence from Leon W. Luick, a coordinator for bus driver training for the Madison Area Technical College. From his testimony, the hearing examiner found:

> The evidence in the record shows that a school bus driver must be cool tempered, patient and tolerant almost to superhuman levels. The evidence in the record further demonstrates that the urge to impose strong physical disciplinary measure can be at times overwhelming.

No other evidence was adduced concerning the job of school bus driver.

We are not faced with a record that reflects conflicting evidence of job duties or from which a hearing examiner makes findings of fact. This case is in much the same posture as *Lyndon Station*. The facts as to the job requirements of a school bus driver are undisputed, and the facts that were necessary to Gibson's conviction for armed robbery are contained in the elements of the statute prohibiting that conduct. We conclude, as did the hearing examiner and the commission, that one convicted of armed robbery has exhibited the propensities to disregard the property and lives of other human beings, and is therefore not an appropriate person to be entrusted with the lives and well-being of school children for a period fixed by the legislature, five years from the date of conviction.

BURDEN OF PROOF

Gibson contends that the commission's decision erroneously allocated the burden of proof to him. His argu-

ment, however, makes it apparent that he is really contending that the evidence produced by the department was insufficient to sustain the commission's burden of showing that the circumstances of Gibson's conviction substantially relate to the job of school bus driver. We will therefore address that argument in the portion of this opinion dealing with sufficiency of the evidence.

INVALID ADMINISTRATIVE RULE

On December 22, 1977, Gibson's attorney wrote to the department about the status of Gibson's school bus driver application. The letter was answered by Daniel S. Farwell, an attorney for the department. It stated in relevant part:

The Department reaffirms its denial of the license to Mr. Gibson for the reasons discussed below.
. . . .
The offense for which Mr. Gibson was convicted is substantially related to the circumstances of the licensed activity of a school bus driver. The conviction was for armed robbery . . . It is true that the amendments enacted in Chapter 125 do not clearly specify what offenses may be considered by licensing agencies. Nevertheless, this legislation cannot be construed to mean that this Department, as the responsible licensing agency, is prohibited from considering either morals offenses such as sex crimes, crimes of violence or crimes committed with threats of deadly force when determining eligibility for school bus driver's licenses.

Gibson alleges that Farwell's letter announced an administrative rule, and that that rule was not adopted pursuant to the requirements of ch. 227, Stats., as it pertains to the rulemaking authority of a state agency.

Section 227.014(2)(a), Stats., provides:

Each agency is authorized to adopt such rules interpreting the provisions of statutes enforced or administered by it as it considers to be necessary to effectuate the purpose of the statutes, but such rules are not valid if they exceed the bounds of correct interpretation.

A "rule" is defined in sec. 227.01(9), Stats:

"Rule" means a regulation, standard, statement of policy or general order (including the amendment or repeal of any of the foregoing), of general application and having the effect of law, issued by an agency to implement, interpret or make specific legislation enforced or administered by such agency or to govern the organization or procedure of such agency.

Gibson's suggestion is novel and, if accepted, would require an agency to follow the procedure required for agency rulemaking in every instance where it applied a set of facts to a statute or rule and denied the application for a permit or license. This is not the result intended by the legislature when it enacted the rulemaking requirements found in ch. 227, Stats. Farwell's letter merely states that the department refused to issue Gibson a school bus operator's license because he had been convicted of armed robbery within five years of the date he applied for the license. It also states what is readily apparent from reading sec. 111.32(5)(h)2.b, Stats; there is no definition of which crimes substantially relate to the circumstances of particular jobs.

Section 227.011(1), Stats., provides:

Statements of policy and interpretation of law. (1) Each agency shall adopt and file as a rule every statement of general policy and every interpretation of a statute which is specifically adopted by an agency to govern its enforcement or administration of that statute. The fact that a statement of policy or an interpretation of a statute is made in the decision of a case or in an agency decision upon or disposition of a particular matter as applied to a specific set of facts involved does not render it a rule as defined in s. 227.01(9) or constitute specific adoption thereof by the agency so as to be required to be issued and filed as provided in this subsection.

The legislature has differentiated between the licensing[3] and rulemaking functions of an agency. It has recognized that an agency must apply facts to rules or statutes and has provided that the process is not rulemaking. The supreme court has had the opportunity on many occasions to determine whether an agency action was a rule. In *Frankenthal v. Wisconsin R. E. Brokers' Board*, 3 Wis. 2d 249, 88 N.W.2d 352 (1958), a mimeographed sheet of instructions for renewal of real estate brokers' licenses was held to be a rule. In *Josam Mfg. Co. v. State Board of Health*, 26 Wis. 2d 587, 133 N.W.2d 301 (1965), a letter sent to all Wisconsin plumbers retracting permission to use a particular type of fitting was held to be a rule. In *Schoolway Transp. Co. v. Div. of Motor Vehicles*, 72 Wis. 2d 223, 240 N.W.2d 403 (1976), a changed interpretation of a statute was held to be a rule. In *Citizens for Sensible Zoning, Inc. v. DNR*, 90 Wis. 2d 805, 280 N.W.2d 702 (1978), a floodplain zoning ordinance adopted by the Department of Natural Resources was held to be a rule. Chlorine limits used in polluted discharge permits were held to be a rule in *Wisconsin Electric Power Co. v. DNR*, 93 Wis. 2d 222, 287 N.W.2d 113 (1980). These cases involved requirements promulgated by an agency, though the rule in *Schoolway* was prompted by an opinion of the attorney general.

In this case, Attorney Farwell's letter was not a rule. The letter could have been limited to the sentence: "The offense for which Mr. Gibson was convicted is substantially related to the licensed activity of a school bus driver." It went on to state that sec. 111.32(5)(h)2.b,

---

[3] Section 227.01(4), Stats., defines "licensing":

"Licensing" includes the agency process respecting the grant, denial, renewal, revocation, suspension, annulment, withdrawal or amendment of a license.

Stats., does not specify what offenses substantially relate to which jobs and that that statute cannot be construed to prohibit the department from considering sex crimes, crimes of violence or crimes committed with threats of deadly force. Those observations of Attorney Farwell are not in the nature of a regulation, standard, policy statement or general order. They are gratuitous comments that refer the reader to a statute, and point out that certain things are not contained in the statute. The sentence explaining the reasons for Gibson's non-licensure falls within the category defined by sec. 227.-011, Stats., an interpretation of a statute made in an agency disposition of a particular matter as applied to a specific set of facts. The January 4, 1978 letter is not a rule.

## SUFFICIENCY OF THE EVIDENCE

Gibson contends that there is no evidence that he was convicted of sec. 35–12–1–1 of the Indiana Criminal Code, from which the department took the necessary elements of the offense. He concedes that a commitment order indicates that he was convicted on April 27, 1976, of "Commission of a Felony while Armed TO WIT: Robbery."

An examination of the Indiana Penal Code in effect on April 27, 1976, shows that sec. 35–13–4–6 provided:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery . . . ." Section 35–12–1–1 provided:

"Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is

armed with any dangerous weapon, shall be guilty of a separate felony . . ."

Gibson also argues that the following "findings" of the Transportation Commission are not supported by substantial evidence:

Now let us consider the offense of armed robbery. Even without the benefit of any specific statutory language one can be safely within the bounds of reasonableness to conclude that one convicted of such an offense has exhibited a propensity number one; to disregard the property of another and number two; to disregard the life of another.

. . . .
[O]ne who has demonstrated a disregard for the life of another is not a fit person to be entrusted with well being and lives of others especially school children.

The "findings" of which Gibson complains are inferences drawn from the fact that Gibson was convicted of armed robbery.

Inferences drawn from facts are treated as facts. In *Copland v. Wisconsin Department of Taxation*, 16 Wis. 2d 543, 554, 114 N.W.2d 858, 863 (1962), the court quoted E. Blythe Stason, *"Substantial Evidence" in Administrative Law*, 89 Pa. L. Rev. 1026, 1038 (1941):

"[T]he term 'substantial evidence' should be construed to confer finality upon an administrative decision on the facts when, upon an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man, acting reasonably, *might* have reached the decision; but, on the other hand, if a reasonable man, acting reasonably, *could not* have reached the decision from the evidence and its inferences then the decision is not supported by substantial evidence and it should be set aside."

The standard of review to be used in ch. 227, Stats., proceedings is found in sec. 227.20 (6):

(6) If the agency's action depends on any fact found by the agency in a contested case proceeding, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. The court shall, however, set aside agency action or remand the case to the agency if it finds that the agency's action depends on any finding of fact that is not supported by substantial evidence in the record.

The fact of Gibson's conviction for armed robbery, the elements of that crime, and the inferences drawn from those facts are substantial evidence on the basis of which the commission could conclude that the circumstances of Gibson's offense substantially relate to the circumstances of driving a school bus. We must therefore affirm that conclusion.

*By the Court.*—Judgment affirmed.