Theodore E. GIBSON, Petitioner-Appellant-Petitioner,

v.

TRANSPORTATION COMMISSION, Department of Transportation, Bernard E. Gehrmann, Administrator of the Transportation Commission, and Norbert K. Anderson, Administrator of the Division of Motor Vehicles of the State of Wisconsin, Respondents.

Supreme Court

*No. 80–1396. Argued January 5, 1982.—Decided February 2, 1982.*

(Also reported in 315 N.W.2d 346.)

For the appellant-petitioner there was a brief by *Sandy Swartzberg* and *Druck & Swartzberg* of Milwaukee, and oral argument by *Sandy Swartzberg*.

For the respondents the cause was argued by *Albert Harriman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

DAY, J.   This is a review of a decision of the court of appeals published at 103 Wis. 2d 595, 309 N.W.2d 858 (Ct. App. 1981), affirming an order of the circuit court for Dane county, HON. GEORGE R. CURRIE, Reserve Circuit Judge.

The main issue in this case is whether secs. 111.32(5) (h) and 343.12(2)(e), Stats. 1977,[1] require the Depart-

[1] "111.32 **Definitions.** . . . (5) . . . (h) It is discrimination because of arrest record or conviction record: . . .

"2.  For any employer, labor organization, licensing agency or employment agency to refuse to hire, employ, admit or license any person, or to bar or terminate any person from employment, membership or licensing, or to discriminate against any person in promotion, compensation, terms, conditions or privileges of employment, membership or licensing, or otherwise to discriminate against any person because such person has an arrest record or a conviction record; provided, however, that it shall not be unlawful: . . .

"b.  For an employer or licensing agency to refuse to employ or license, or to bar or terminate from employment or licensing, any person who has been convicted of any felony, misdemeanor or other offense the circumstances of which substantially relate to the circumstances of the particular job or licensed activity."

ment of Transportation (hereinafter Department) to investigate the detailed circumstances of an armed robbery for which petitioner, Theodore E. Gibson (hereinafter petitioner), was convicted before it can refuse to grant a school bus driver's license to petitioner. Sec. 343.12(2)(e) precludes granting a school bus driver's license to anyone convicted of a felony within five years prior to their application for the license. We conclude that the Department has complied with the requirements of sec. 111.32(5)(h) by ascertaining the elements of the crime for which petitioner was convicted and affirm the Transportation Commission's (hereinafter Commission), decision that the conviction precludes granting him a license for at least a five-year period following the conviction. We therefore affirm the decision of the court of appeals which affirmed the judgment of the circuit court that upheld the Commission's decision.

Petitioner was convicted of "a felony while armed to wit: robbery" in the state of Indiana on April 27, 1976. Following his release from prison, he moved to Milwaukee and on December 13, 1977, applied for a school bus driver's license from the Department. By letter dated January 4, 1978, the Department denied petitioner's application on the basis of sec. 343.12(2)(e).

Petitioner requested and received a hearing before the Commission at which he testified as to the circumstances of the robbery for which he was convicted. He stated that it was his companion, rather than himself, who had the revolver and instigated the robbery. The Department introduced testimony by Leon W. Luick, a coordinator

---

"343.12 **School bus operators to obtain special license.** . . . (2) The department shall issue a school bus operator's license to a person only if such person meets all of the following requirements: . . .

"(e) Subject to s. 111.32(5)(a) and (h), has not been convicted of a felony or offense against public morals within the past 5 years."

for bus driver training at Madison Area Technical College, as to the duties and responsibilities of school bus drivers. Mr. Luick testified that a driver must maintain discipline without resort to corporal punishment and must often function as a substitute parent. He also stated that the job required a great deal of patience and self control. The Department also introduced a certified copy of defendant's commitment to the Indiana State Prison which stated that he was convicted of "commission of a felony while armed to wit: robbery."

On April 23, 1979, the hearing examiner issued a proposed decision affirming the Department's refusal to issue petitioner a license. The Commission issued an order affirming the examiner's decision. Petitioner appealed to the circuit court for Dane county which upheld the Commission's order. This decision was appealed to the court of appeals which affirmed the decision of the circuit court. Petitioner filed a petition asking this court to review the court of appeals' decision, which we granted.

The Department argues that this case is moot, since over five years has passed since petitioner's conviction and consequently, the five-year ban contained in sec. 343.12(2)(e), Stats., does not apply.[2] However, this

---

[2] In oral argument before this court, counsel for the Department stated that the Department had no authority to base a license denial on a felony conviction which had occurred more than five years prior to the application. He conceded that this would be the case even in exceptional circumstances, such as where a person who had been convicted of child rape or assault, served a prison sentence of over five years, and applied for a license immediately upon his release. While we have doubts that this result was intended by the legislature when it enacted secs. 111.32 and 343.12, Stats., since petitioner did apply within the five-year period, we do not reach that issue. Clearly no such five-year limitation applies to the decision of whether to hire, as opposed to the decision to license, someone as a school bus driver.

court will decline to dismiss a petition for mootness if it raised an issue of great public importance and if the action challenged is capable of repetition yet evade appellate review. *State ex rel. MacDonald v. Douglas Cty. Cir. Ct.*, 100 Wis. 2d 569, 572–73, 302 N.W.2d 462 (1981) ; *State ex rel. DH&SS v. Second Jud. Cir. Ct.*, 84 Wis. 2d 707, 710, 267 N.W.2d 373 (1978). This case meets those criteria and so we will proceed to its merits.

The Department ascertained the elements of the crime for which petitioner was convicted. It determined that conviction of the crime of armed robbery under Indiana law constituted circumstances which substantially relate to the circumstances of school bus driving. Based upon this determination, it refused to grant petitioner a school bus driver's license because of sec. 343.12(2)(e), Stats., and argues that this refusal is not unlawful discrimination under sec. 111.32(5)(h)2b, Stats.

The standard governing this court's review of the interpretation which an administrative agency places on a statute was recently set forth by this court in *Wisconsin's Environmental Decade v. ILHR Dept.*, 104 Wis. 2d 640, 649, 312 N.W.2d 749 (1981) :

"Interpretation of a statute by an administrative agency is a conclusion of law which may be independently reviewed by the supreme court. *Bucyrus-Erie Co. v. ILHR Dept.*, 90 Wis. 2d 408, 417, 280 N.W.2d 142 (1979). However, the construction and interpretation of a statute by the administrative agency which must apply the law is entitled to great weight and if several rules or applications of rules are equally consistent with the purpose of the statute, the court should defer to the agency's interpretation. *Milwaukee County v. ILHR Dept.*, 80 Wis. 2d 445, 455–456, 259 N.W.2d 118 (1977). In general, the reviewing court should not upset an administrative agency's interpretation of a statute if there exists a rational basis for the conclusion. *Dairy Equipment Co. v. ILHR Dept.*, 95 Wis. 2d 319, 327, 290 N.W.2d 330 (1980)."

We conclude that there was a rational basis for the Department's interpretation that sec. 111.32(5)(h)2b, Stats., required that it go no further than determining the elements of the offense for which petitioner was convicted since conviction of that crime constituted circumstances substantially relating to school bus driving.

Petitioner was convicted in Indiana of "commission of a felony while armed to wit: robbery." Section 35–13–4–6, Ind. Code (1976), states:

"35–13–4–6 **Robbery: personal injuries. Sec. 6.** Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Section 35–12–1–1, Ind. Code (1976), states:

"35–12–1–1 **Attempts; accomplices; guilty of separate felony; punishment.** Sec. 1. Any person who being over sixteen (16) years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aided or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for determinate period of not less than ten (10) years nor more than thirty (30) years."

While there is nothing in the record which specifically identifies the above statutes as the ones under which petitioner was convicted, a review of the Indiana Penal Code, petitioner's testimony as to the circumstances of the crime, and the reference to "felony while armed to wit: robbery" satisfies this court that secs. 35–12–1–1 and 35–13–4–6, Ind. Code, constitute the crime of which petitioner was convicted.

A conviction of armed robbery under Indiana law requires that the person be found to have participated in the taking of another's property by threatening to harm them with a dangerous weapon. It thus indicates a disregard for both the personal and property rights of other persons. It also indicates a propensity to use force or the threat of force to accomplish one's purposes. The armed robbery conviction indicates personal qualities which are contradictory to the extreme patience, levelheadedness and avoidance of the use of force which Mr. Luick testified are essential in a school bus driver.

In *Law Enforce. Stds. Bd. v. Lyndon Station,* 101 Wis. 2d 472, 305 N.W.2d 89 (1981), this court upheld the refusal of the Law Enforcement Standards Board (LESB) to certify a person for employment as a law enforcement officer because that person had previously been convicted of the felony of falsifying traffic citations. This court also held that the refusal to certify did not constitute unlawful discrimination prohibited by sec. 111.32.(5) (h), Stats., because the circumstances of a conviction for falsifying traffic citations, as a matter of law, substantially relate to the office of chief of police. 101 Wis. 2d at 492. The dissent in that case argued that sec. 111.32(5) (h) requires an inquiry into the specific factual circumstances of the crime upon which the felony conviction was based. 101 Wis. 2d at 509–516. This court declined to read such a requirement into sec. 111.32(5) (h) in *Lyndon Station,* and we decline to do so here.

Our decision in this case does not mean that the particular factual circumstances of the crime upon which a felony conviction was based may never be relevant to a school bus driver licensure decision. If this were the case, the "circumstances of which" language in sec. 111.32(5) (h)2b, Stats., would be superfluous and it is

clear from the legislative history of that statute that the legislature specifically intended to include such language in the statute.[3] However, just as a conviction of falsifying traffic citations as a matter of law constitutes circumstances which substantially relate to the job of police chief, so does a conviction of the offense of armed robbery as defined under Indiana law in and of itself constitute circumstances substantially related to school bus driver licensure.

We therefore agree with the trial and appellate courts that the Department's inquiry of the elements of armed robbery under Indiana law satisfies its burden of establishing that the circumstances of the felony for which petitioner was convicted substantially relate to the license for which he applied. Therefore the license denial was appropriate under sec. 343.12(2)(e), Stats., and does not constitute unlawful discrimination by virtue of sec. 111.32(5)(h)2b.

*By the Court.*—The decision of the Court of Appeals is affirmed.

SHIRLEY S. ABRAHAMSON, J. *(dissenting).* Sec. 111.32(5)(a) and sec. 111.32(5)(h)2b clearly state that it is unlawful for a licensing agency to discriminate because of the applicant's conviction record but that it is not unlawful for a licensing agency to refuse to license "any person who has been convicted of any *felony* . . .

---

[3] Section 111.32(5)(h)2b, Stats., was created by ch. 125, Laws of 1977. This session law was introduced as 1977 Assembly Bill 219, which prohibited discrimination because of criminal conviction except as to anyone convicted of an "offense which is substantially related" to the particular employment or license. On June 15, 1977, the "circumstances of which" language was inserted into the bill by Assembly Amendment 3. This language was retained in the version of the bill which finally became law as ch. 125, Laws of 1977.

*the circumstances of which substantially relate to the circumstances of the . . . licensed activity."* The legislative history of sec. 111.32(5)(h)2b, see majority opinion, p. 29, n. 3, clearly demonstrates that the legislature specifically intended to use the words "felony . . . *the circumstances of which* substantially relate" rather than the words "felony . . . the elements of which substantially relate." Instead of telling the licensing agency to do exactly what the legislature mandated, namely to consider the circumstances of each case, *Law Enforce. Stds. Bd. v. Lyndon Station,* 101 Wis. 2d 472, 497, 305 N.W.2d 89 (1981) (Abrahamson, J. dissenting), the majority has rewritten sec. 111.32(5)(h)2b to state that there are three kinds of felonies: the agency can label some felonies, on the basis of the elements of the offense, as *ipso facto* substantially related to the circumstances of the licensed activity; the agency can label other felonies, on the basis of the elements of the offense, as *ipso facto* not substantially related to the circumstances of the licensed activity; and the agency can label other felonies, on the basis of the elements of the offense, as requiring consideration of the circumstances of the felony to determine whether the circumstances are substantially related to the circumstances of the licensed activity. The court explored the use of this tripartite view of felonies at oral argument, and it quickly became apparent, as it must be to the reader, that there is little if any agreement as to which felonies fall into what category and why. The majority has rewritten the statute in a way which promotes additional litigation.

Because I conclude that the court should apply sec. 111.32(5)(h)2b as written rather than rewrite the section, I dissent.