IN the MATTER OF the ESTATE OF Alma I.
HABELMAN, deceased: Phillip La PALIO, Jr.,
Appellant,

v.

ESTATE OF Alma I. HABELMAN, and Edward
Habelman, Respondents.†

Court of Appeals

*No. 88–0103. Submitted on briefs April 22, 1988.—Decided
May 12, 1988.*

(Also reported in 426 N.W.2d 363.)

† Petition to review denied.

For the appellant the cause was submitted on the brief *Steven Luse Abbott* and *Rice & Abbott, S.C.,* of Sparta.

For the respondents the cause was submitted on the brief of *Ralph E. Osborne,* of Sparta.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. In certain circumstances sec. 853.15(1), Stats., requires that the beneficiary of a will elect either to take property passing to the beneficiary under the will, or to retain other property which belongs to that beneficiary but is left to a second beneficiary under the will.[1]

The question is whether sec. 853.18(1), Stats., prevents a court from ordering such an election when the property belonging to the first beneficiary and left to the second beneficiary under the will is a survivorship interest in a profit sharing plan. The trial court held that sec. 853.18(1) has that effect, since that statute provides that a beneficiary designation in a profit sharing plan may not be defeated by a statute governing the transfer of property by will. We hold that sec. 853.15(1) is not a statute governing the transfer of property by will. We therefore reverse the order denying a motion to require an election.

The facts are undisputed. In 1958 Alma Habelman designated her sons, Edward and Kenneth, as equal beneficiaries of her interest in Habelman Bros. Company profit sharing plan. In 1984 Alma executed

[1]It is difficult to describe sec. 853.15(1), Stats., gracefully and accurately. One other attempt has been made: "If a will transfers property to individual A, which property is in fact owned by B, and the will transfers other property to B, B has an election. B may retain B's own property and reject the property willed to B, or B may accept the willed property and give B's property to A." Tierney and Gerardin, *Applications of the Wisconsin Marital Property Act to Estate Planning: A Practical Discussion on Selected Aspects of the Act,* 68 Marq. L. Rev. 470, 484 (1985).

her will, bequeathing her common stock in Habelman Bros. Company to Edward and the remainder of her estate "including funds in profit sharing," to Kenneth. Alma died in 1985, survived by Edward and Kenneth. Her 1984 will was admitted to probate. Kenneth died in 1987. The executor of Kenneth's estate moved for an order under sec. 853.15(1), Stats., requiring Edward to elect either to take under the will and give up his interest in the profit sharing plan or to retain his interest in the plan and not take under the will. Kenneth's estate appeals from the order denying its motion.

Section 853.15(1), Stats., provides in material part:

> Unless the will provides otherwise, if a will gives a bequest or devise to one beneficiary and also clearly purports to give to another beneficiary a property interest which does not pass under the will but belongs to the first beneficiary by right of ownership, survivorship, beneficiary designation, election under s. 861.02 or otherwise, the first beneficiary must elect either to take under the will and transfer his or her property interest in accordance with the will, or to retain his or her property interest and not take under the will. If the beneficiary elects not to take under the will, unless the will provides otherwise the bequest or devise given him or her under the will is to be assigned by the court to the other beneficiary in lieu of the property interest which does not pass under the will.

██

Alma's will bequeaths common stock to Edward and gives his interest in the profit sharing plan to Kenneth. Edward's interest in the plan does not pass

under the will, but belongs to Edward by right of the beneficiary designation. The trial court correctly concluded that sec. 853.15(1), Stats., requires Edward to elect either (a) to take under the will and transfer his interest in the profit sharing plan to Kenneth, or (b) to retain his interest in the plan and not take under the will.

We turn to sec. 853.18(1), Stats., on which the trial court relied for its conclusion that it could not order Edward to make the election.

Section 853.18(1), Stats., provides in material part:

> [N]o written designation made under a contract, plan, system or trust providing for pension, retirement, deferred compensation, stock bonus, profit-sharing or death benefits, ... of any person to be a beneficiary, payee or owner of any right, title or interest thereunder upon the death of another, ... is subject to or defeated or impaired by any *statute or rule of law governing the transfer of property by will, gift or intestacy,* even though that designation or assignment is revocable or the rights of that beneficiary, payee, owner or assignee are otherwise subject to defeasance. [Emphasis added.]

Section 853.18(1), Stats., cannot prevent an election under sec. 853.15(1) unless the latter is a "statute ... governing the transfer of property by will, gift or intestacy." Whether sec. 853.15(1) is such a statute turns on the meaning of that phrase in sec. 853.18(1).

The meaning of a statute is a question of law which we determine without deference to the trial court. *Barth v. Monroe Board of Education,* 108 Wis. 2d 511, 517, 322 N.W.2d 694, 697 (Ct. App. 1982). If a statute is unambiguous, we determine its meaning

without recourse to extrinsic materials. If, however, a statute can be differently understood by reasonable persons, it is ambiguous, and we use extrinsic sources to determine its meaning. *Kaiser v. City of Mauston,* 99 Wis. 2d 345, 361, 299 N.W.2d 259, 268 (Ct. App. 1980). The interaction between statutes can create an ambiguity. *State v. Kenyon,* 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978).

The phrase "statute ... governing the transfer of property by will, gift or intestacy" in sec. 853.18(1), Stats., is ambiguous when read in conjunction with sec. 853.15(1). Because the elective provisions of sec. 853.15(1) can compel the beneficiary of a will to give up a bequest or devise, reasonable persons can understand the statute to govern the transfer of property by will. Reasonable persons can also arrive at a different understanding, since the elective provisions in sec. 853.15(1) can apply only to a will which already complies with statutes governing the transfer of property by will.

The predecessor to sec. 853.18(1), sec. 238.21(1), Stats. 1969, was created by ch. 82, Laws of 1969, and originated as 1969 Senate Bill 144, which the Assembly adopted with only a minor amendment.[2] An analysis by the Legislative Reference Bureau is attached to Senate Bill 144. We may look to the Bureau's analysis of a bill for aid when construing an ambiguous statute. *White Hen Pantry v. Buttke,* 100 Wis. 2d 169, 177 n. 8, 301 N.W.2d 216, 221 (1981). According to the Bureau's analysis of Senate Bill 144:

[2]Section 238.21, Stats. 1969, was renumbered sec. 853.18 by sec. 66, ch. 392, Laws of 1969, and amended to its present form by sec. 64, 1983 Wis. Act 186. The latter amendment does not affect our conclusion.

This bill specifically establishes the right to designate a beneficiary or other payee under insurance policies, pension and profit-sharing plans, employment contracts and similar arrangements without following the formalities required in making a will. Such designation would not be controlled by any laws governing transfer of property by will, gift or intestacy.[3]

We accept the Bureau's explanation and construe the phrase "statute ... governing the transfer of property by will" in sec. 853.18(1), Stats., to mean a statute establishing the formalities for the execution of a valid will.

Section 853.03, Stats., establishes the formalities for execution of a valid will.[4] The elective provisions of

---

[3]According to Professor John Langbein:

> Institutions that administer noncourt modes of transfer are displacing the probate system. Life insurance companies, pension plan operators, commercial banks, savings banks, investment companies, brokerage houses, stock transfer agents, and a variety of other financial intermediaries are functioning as free-market competitors of the probate system and enabling property to pass on death without probate and without will. The law of wills and the rules of descent no longer govern succession to most of the property of most decedents.

Langbein, *The Nonprobate Revolution and the Future of the Law of Succession,* 97 Harv. L. Rev. 1108 (1984).

[4]Section 853.03, Stats., provides:

> Every will in order to be validly executed must be in writing and executed with the following formalities:
>
> (1) It must be signed (a) by the testator, or (b) in the testator's name by one of the witnesses or some other person at the testator's express direction and in his presence, such a proxy signing either to take place or to be acknowledged by the testator in the presence of the witnesses; and

sec. 853.15(1) do not involve, supplement or affect those formalities. Indeed, the elective provisions can only apply to a will which has been executed in compliance with sec. 853.03.

Because sec. 853.15(1), Stats., is not a "statute ... governing the transfer of property by will" within the meaning of sec. 853.18(1), the trial court's order denying the motion to compel Edward to elect under that statute must be reversed.

*By the Court.*—Order reversed.

(2) It must be signed by 2 or more witnesses in the presence of the testator and in the presence of each other.