DOUGLAS LA FOLLETTE, Secretary of State
You have asked for an opinion regarding a possible conflict between sections 13.625 and 66.884 (6), Stats. Section 13.625 (2) and (3) are part of the laws regulating lobbying and are enforced by your office. Those subsections provide that no lobbyist or principal, an organization which employs a lobbyist, may furnish anything of pecuniary value to an elective state official. The law contains some exceptions which are not pertinent to this opinion.
Section 66.884 (6) is part of the statutes creating the Milwaukee Metropolitan Sewerage District (hereinafter "sewerage district"). That sewerage district is governed by a commission composed of eleven members. Sec. 66.882 (2), Stats. Seven of the members are appointed by the mayor of Milwaukee. Section 66.882 (2)(a) provides: "Three of the commissioners appointed under this paragraph shall be elected officials." Section 66.884 (6) provides in pertinent part: "Each commissioner, including anycommissioner who serves as a member of the legislature, shall receive actual and necessary expenses incurred while in the performance of the duties of the office and, in addition, shall receive a salary in an amount the commission specifies by resolution." The underlined portion of the statute was added by1987 Wisconsin Act 417.
Neither section 13.625 nor section 66.884 (6), standing alone, is ambiguous, and there is no apparent conflict between the two statutes. A conflict arises, however, because the sewerage district has been a registered principal since 1979 and in May of 1988 the mayor of Milwaukee appointed two state legislators to serve as commissioners. Although one has since resigned as a *Page 150 
commissioner, one state legislator continues to serve as a commissioner for the sewerage district. Under section 13.625, that legislator is prohibited from accepting anything of pecuniary value from a principal, including the sewerage district. Section 66.884 (6), on the other hand, states that the legislator shall receive expenses and shall receive a salary.
The purpose of any statutory construction is to ascertain and give effect to the intent of the Legislature. State v. Pham,137 Wis.2d 31, 403 N.W.2d 35 (1987). If a statute is unambiguous, the statute must be given its plain meaning. If the statute is ambiguous, however, matters outside of the statutory language should be considered in order to determine the meaning intended by the Legislature.
The interaction between two statutes can create ambiguity. Inre custody of D.M.M., 137 Wis.2d 375, 404 N.W.2d 530 (1987). In that case, extrinsic sources, including the statutes' legislative history, may be used to determine legislative intent. In Matterof Estate of Habelman, 145 Wis.2d 228, 426 N.W.2d 363 (Ct.App. 1988). If possible, apparently conflicting provisions of law should be construed so as to harmonize them and thus give effect to the leading idea behind the law. State v. Schaller,70 Wis.2d 107, 233 N.W.2d 416 (1975).
You provided the following facts with your request for an opinion. In May of 1988 your office learned that two legislators had been appointed as commissioners for the sewerage district. You were advised that the sewerage district paid a salary of $7,500 per year plus expenses. Because the sewerage district was registered as a principal, you informed the sewerage district's legal counsel that such an arrangement violated section 13.625. This was the case even though section 66.882(2)(a)4. specifically included state legislators as "elected officials" whom the mayor could appoint, because the legislator/commissioner could serve as commissioner without compensation.
Very soon after your office provided this informal opinion, Assembly Bill 1028 was introduced and eventually enacted as *Page 151 1987 Wisconsin Act 417 which, as noted above, requires that each commissioner, including any commissioner who serves as a member of the Legislature, shall receive a salary and expenses.1987 Wisconsin Act 417 became effective on June 17, 1988.
When the Legislature enacts a statute it is presumed to do so with the full knowledge and awareness of existing statutes. Stateex rel. McDonald v. Douglas Cty. Cir. Ct., 100 Wis.2d 569,302 N.W.2d 462 (1981). The history of the amendment of section 66.884 (6) leads to the ineluctable conclusion that the Legislature intended there to be an exception from the general prohibition under section 13.625 for those legislators who are appointed commissioners under section 66.882.
The law presumes that when there is a conflict a more specific statute should control over a more general statute, particularly when the specific statute is enacted subsequent to the more general statute. Contempt In Interest of J.S., 137 Wis.2d 217,404 N.W.2d 79 (Ct.App. 1987), rev. denied sub nom., C.S. v.Racine County, 137 Wis.2d 651, 411 N.W.2d 140 (1987). Section 66.884 (6) is more specific than the general prohibition in section 13.625 and was enacted subsequent to any legislative action on section 13.625. The statute's unambiguous language requires the district to pay a salary to commissioners who are legislators. Neither the district nor the commission itself determines who will be a commissioner; that choice is reserved to the mayor. Therefore, neither the district nor the other commissioners have it in their power to avoid having legislators appointed as commissioners.
One could suggest that the sewerage district could stop paying someone to lobby, would therefore cease being a principal, and would therefore not fall under the strictures of section 13.625. There is nothing in the statute's history, however, to suggest that the Legislature was requiring the sewerage district to stop lobbying or even suggesting that course of action. On the contrary, the only explanation for the amendment to section 66.884 (6) is that the Legislature knew the sewerage district was *Page 152 
a principal, knew that legislators were appointed as commissioners and wanted to make sure that commissioners who were also legislators would receive compensation equal to the other commissioners. That clear intent would be frustrated by applying section 13.625 to those legislators who are serving as sewerage commissioners. I must conclude, therefore, that section 13.625
does not prohibit legislators who are serving as commissioners of the sewerage district from receiving a salary and expenses from the district.
DJH:AL *Page 153